F. T. VANSTRUM *vs.* N. P. LILJENGREN.

July 8, 1887.

.Bill of Exchange — Acceptance.— The words "payable the 15th day of May, 1883," written and signed by the drawee upon a bill of exchange drawn upon him, constitute a qualified acceptance.

.Same.—The word "except," so written and signed, is also an acceptance.

.Same.—It is no defence to the acceptor that there was no consideration as be-tween the drawer and payee of a bill.

.Same—Suit against Acceptor by Payee for Collection.—Even though a bill of exchange be really, but not in terms, given to the payee for the purpose of collection, the payee may maintain an action in his own name against the drawee, upon the acceptance of the latter.

:Same—Acceptance—Failure of Consideration.—Where an acceptance was given to the payee in consideration of his agreement to make certain payments, the fact that he violates that agreement does not constitute a failure of consideration, so long as he remains legally obligated by his promise.

Plaintiff brought this action in the district court for Hennepin county, upon certain drafts or bills of exchange alleged to have been accepted in writing by the defendant. Upon the trial before *Rea, J.,* and a jury, a verdict was directed for plaintiff. Defendant appeals from an order refusing a new trial.

*Merrick, Davenport & Thian,* for appellant.

*G. S. Grimes* and *Willis McDowell*, for respondent.

DICKINSON, J. A recovery is sought against the defendant, upon acceptances by him of several inland bills of exchange, drawn by other parties upon him, and in favor of the plaintiff as payee. The acceptance of one of these bills consisted in the defendant writing upon the bill and signing the words "payable the 15th day of May, 1883," the bill being dated May 5th, and no time of payment being named in it. The acceptance upon the other bills was expressed by the word "except" signed by the defendant. The writing in either form constituted an acceptance, although as to the one special acceptance it was qualified as to the time of payment. No other import can be given to such writings upon the instruments by the drawee than that he thereby accepted the same, nor can there have been any other purpose in such writings than to signify his acceptance.

The defendant offered upon the trial to show, by oral evidence, that there was no consideration for the bills between the drawers and the payee, and that the bills were given to the payee for the purpose of collection only, and hence that the plaintiff was not the real party in interest. There was no error in excluding this offer. By the drawing of the bills in favor of the plaintiff, and delivering the same to him, and by the acceptance by the drawee, the plaintiff acquired the legal title to the bills and acceptances. More than this, by his acceptances the defendant obligated himself directly to the plaintiff to make payment to him, and upon that obligation this action is brought. Therefore the action was maintainable by the plaintiff, notwithstanding the fact sought to be shown. *City Bank* v. *Perkins*, 29 N. Y. 554, (86 Am. Dec. 332;) *Sheridan* v. *Mayor*, 68 N. Y. 30; *Hays* v. *Hathorn*, 74 N. Y. 486–490; *Shafer* v. *Bronenberg*, 42 Ind. 89. A recovery by the plaintiff would protect the defendant from any claim of the drawers for the recovery of the funds drawn upon; and it did not concern the defendant to inquire into the purpose or the consideration for the bills, as between the drawers and the payee, unless, at least, he should go further, and show that he was not obligated by his acceptances, even in favor of the alleged real owner, the drawer. By accepting the bills, the defendant had admitted the

possession of funds of the drawer applicable to the payment of the same, and had assumed the absolute obligation of making such payment. · He became the principal debtor, as respects the holder of the accepted bills; and, unless the obligation which the acceptance imports be in some way disproved or overcome, it would be immaterial whether the payee originally acquired the bills for a valuable consideration or as a gift; and whether he, or the drawer himself, was the party beneficially interested·in the recovery.

The offer to which we have referred went no further than has been stated, nor were the offers subsequently made sufficient to show a defence. These were presented apart from that before referred to, and in somewhat ambiguous terms. They may be fairly construed as offers to show a "failure of the consideration" (such is the language of the offers) for the acceptances, by proof that they were made upon the condition or consideration that the payee had paid, or would at once pay, an indebtedness of the acceptor to the drawers of these bills; and that the plaintiff had not made such payments. If the acceptances were given in consideration of an agreement by the payee to make such payment, his breach of that agreement would not constitute a failure of consideration for the acceptances, so long as he remained legally obligated by his promise. *Spiller* v. *Westlake*, 2 Barn. & Adol. 155; *Trask* v. *Vinson*, 20 Pick. 105; *Chapman* v. *Eddy*, 13 Vt. 205. There was therefore no error in rejecting such offers.

Order affirmed.