JOHN G. ELMQUIST *vs.* WILLIAM F. MARKOE and another.

January 30, 1891.

Judgment held to Reinstate and not Defeat Mortgage Lien.—The effect of a certain judgment *held* to be merely to reinstate the lien of a mortgage, and not to discharge the mortgage debt, or to merge it in the judgment.

Negotiable Instrument — Action by Indorsee where Indorser has Beneficial Interest.—The holder of a promissory note under the unconditional and unrestricted indorsement of the payee has the legal title, and may sue in his own name, although, as between themselves, the assignor possesses the beneficial interest in the proceeds.

Appeal by defendants from an order of the district court for Ramsey county, *Kerr,* J., presiding, refusing a new trial after a verdict of $2,643.57 directed for plaintiff.

*McMillan & Lewis,* for appellants.

*Rogers & Hadley,* for respondent.

MITCHELL, J.[1] The note in suit, with others, was given for the purchase-money of land sold and conveyed by the payee, Benson, to the defendant William F. Markoe, and was secured by mortgage back on the land. William Markoe signed his name upon the back of the note before delivery, for the purpose of giving credit to the maker, William F. Markoe, and for his accommodation; and hence, according to the repeated decisions of this court, the defendants were joint

[1]Vanderburgh, J., took no part in this case.

makers. Conceding, for the purposes of this case, that the note was non-negotiable, and consequently that plaintiff took it subject to all defences existing in favor of the makers against the payee, nevertheless the court was right in directing a verdict in favor of plaintiff, for the reason that the defendants entirely failed to prove any such defence. The only defence urged is that the note had been cancelled and discharged by, or at least merged in, the judgment in a former action brought by Benson against William Markoe, to whom William F. Markoe had conveyed the mortgaged premises. Defendants' claim is that the action referred to was one in foreclosure, brought to obtain judgment for the amount of the note, and for a decree of sale of the mortgaged premises. We think the record entirely fails to support this contention. The nature of that action, and of the relief sought and granted, will sufficiently appear from the reporter's statement of facts in 41 Minn. 112, (42 N. W. Rep. 787;) when the case was here on appeal. The sole object of that suit was, by limiting the effect of a certain quitclaim deed from Benson to William F. Markoe, (the legal effect of which would be to discharge the mortgage,) to reinstate the lien of the mortgage. The action was in no sense one to foreclose. No such relief was asked, and the mortgagor was not a party to the suit. It may be that the complaint stated all the facts that would have been necessary in an action to foreclose, but they were not stated for that purpose, but to show that the plaintiff was entitled to a reinstatement of the lien of his mortgage. It is unimportant that the court in that case inadvertently found, among his conclusions of law, that the plaintiff was entitled to judgment for the amount of the debt, and for a sale of the mortgaged premises. This was not within the scope of the action, and was not in fact incorporated into the judgment, the sole effect of which was to reinstate the lien of the mortgage precisely as if the quitclaim deed referred to had never been executed, and a certain previous abortive attempt to foreclose had never been made.

The point is also made that there was evidence tending to show that plaintiff was not the owner of the note, but held it simply as agent for Benson, and that this question should have been submitted

to the jury. We think the uncontradicted evidence is that plaintiff was a pledgee for value. But, in any event, it was unquestioned that he was the holder of the note under the unconditional and unrestricted indorsement of the payee. This vested in him the legal title, and entitled him to sue in his own name, whether he possessed the beneficial interest in its proceeds or not. A recovery by plaintiff will fully protect the defendants, and they have no interest in the equities between him and his assignor, unless an inquiry into the subject had become material upon the right of interposing some defence or counterclaim against the assignor. *Vanstrum* v. *Liljengren,* 37 Minn. 191, (33 N. W. Rep. 555;) *Sheridan* v. *Mayor,* 68 N. Y. 30; *Hays* v. *Hathorn,* 74 N. Y. 486–490.

Judgment affirmed.