### S. A. ANDERSON *vs.* TIMOTHY REARDON.

### May 12, 1891.

**Real Party in Interest—Assignee of Chose in Action in Trust for Assignor.**—Where the owner of a chose in action executes to another an assignment of it, absolute in terms, such assignee is the party in legal interest, and may maintain an action on the demand in his own name, although there be a verbal agreement between the assignor and assignee that the latter, when he collects the money, shall hold it as trustee for the former.

Appeal by plaintiff from an order of the municipal court of St. Paul, refusing a new trial after a dismissal ordered at the trial in an action to recover $98 for goods sold and delivered to defendant by one Marie Scherer, the plaintiff's assignor.

*Samuel A. Anderson, F. A. Pike,* and *M. L. Countryman,* for appellant.

*Lawler & Durment,* for respondent.

MITCHELL, J. One Mrs. Scherer executed to plaintiff a written assignment of the demand upon which this action was brought. It appeared from the evidence that, although the written assignment was unqualified and unrestricted in its terms, yet there was a verbal understanding between the assignor and assignee that out of the proceeds of the claim, when collected, the latter was to retain the amount due him for services already rendered, and to be thereafter rendered, by him to the former, and also pay certain debts owed by her to third parties, and then remit the balance, if any, to her. It also appeared that, when this action was commenced, the plaintiff had already collected on the demand enough to pay his own claim for services up to that time. When the plaintiff rested, the trial court dismissed the action, on the ground that the plaintiff was not the real party in interest. This was error. By virtue of the assignment the plaintiff became the legal owner of the claim, and as such could maintain the action. It is no concern of the defendant whether the assignee of a claim receives the money on it in his own right or as trustee of the assignor. It is enough for him to know that the plaintiff is the party in legal interest, and that a recovery by him will be full protection against another suit by the assignor. There is no room for the distinction in this respect sought to be made by defendant between negotiable paper and other choses in action. *Castner* v. *Austin,* 2 Minn. 32, (44;) *Vanstrum* v. *Liljengren,* 37 Minn. 191, (33 N. W. Rep. 555;) *Elmquist* v. *Markoe,* 45 Minn. 305, (47 N. W. Rep. 970.) It is suggested that certain exhibits which were introduced in evidence are not made a part of the settled case. This is true, but we think that their nature and contents sufficiently appear from the "case."

Order reversed.