JOSEPH SEYBOLD vs. GRAND FORKS NATIONAL BANK, AND CHAS. H. BALDWIN, INTERVENER.

Opinion filed May 12th, 1896

Gift Causa Mortis—Rights of Donors Personal Representative.

The donee of a gift *causa mortis* is not dependent upon the will of the personal representative of the deceased donor for his title. The title vests in the donee during the lifetime of the donor, subject to recall by revocation of the gift. The subject of the gift forms no part of the estate of the donor. His personal representative cannot, therefore, lay any claim to it, except in case of necessity, for the payment of debts which could not otherwise be paid. When such representative seeks to pursue such gift in the hands of the donee, he must show the facts constituting the necessity, *i. e.* deficiency of assets with respect to debts, and his recovery will be limited to the extent of such necessity.

Assignee of Chose in Action—Real Party in Interest.

The assignee of a chose in action who holds the legal title to it may maintain an action thereon, as the real party in interest, under the Code, although he holds only the naked legal title, the whole beneficial interest being in the assignor.

Unrestricted Indorsement of Certificate of Deposit.

Where the payee of a negotiable certificate of deposit indorsed the same to the cashier of a bank with an unrestricted indorsement, and his testimony showed that he had deposited the same with such bank to be collected as other similar paper, *held* that, as against the bank issuing the certificate, the legal title to such certificate was vested in the indorsee, and that the indorsee of such indorsee by a like unrestricted indorsement could sue thereon as the real party in interest. Had the indorsement been in terms for collection only, this fact might have shown a purpose not to vest the legal title in the indorsee.

Following Funds—Identification.

While the owner of property may, so long as he can identify it, follow it through all its transformations in the hands of the person who received it in its original form, yet, when such property is turned into money, and loaned to a third person, he cannot follow such money in the hands of such third person, but must look to the obligation of such third person to the lender of the money in the hands of the lender as his (the owner's) property in still another new form.

Appeal from District Court, Grand Forks County; *Templeton*, J.

Action by Joseph Seybold against the Grand Forks National Bank. Charles H. Baldwin, administrator, intervened. From a judgment for plaintiff, defendant and intervener appeal.

Affirmed.

*J. H. Bosard*, for appellants.

The action must be brought in the name of the real party in interest and not by the person in whom the mere naked apparent legal title is vested. Sections 5221, 5223, Rev. Codes; Pom. Rem. 156. The assignee must hold both the legal and equitable title to be the real party in interest. *Gradwohl* v. *Harris*, 29 Cal. 150. The defense that plaintiff is not the real party in interest, when proven, is a bar to the suit. Pom. Rem. 156; *Edwards* v. *Campbell*, 23 Barb. 423; *Killmore* v. *Culver*, 24 Barb. 656; *James* v. *Chalmers*, 6 N. Y. 209-215; *Eaton* v. *Alger*, 57 Barb. 179; *Swift* v. *Ellsworth*, 10 Ind. 205; *Robbins* v. *Deverill*, 20 Wis. 150; *Grueber* v. *Baker*, 9 L. R. A. 302; *Hoagland* v. *Van Etten*, 22 Neb. 683; *Rock County National Bank* v. *Hollister*, 21 Minn. 385; *Third National Bank* v. *Clark*, 23 Minn. 268; *Bostwick* v. *Bryant*, 113 Ind. 438; *Bartholomew County Commissioners* v. *Jameson*, 86 Ind. 163; *Phelps* v. *Bush*, 15 Ia. 64; *Iselin* v. *Rowlands*, 30 Hun. 488; *Pixley* v. *Van Nostrum*, 100 Ind. 34; *Board of Commissioners* v. *Jameson*, 86 Ind. 163; *Ind. R. R. Co.* v. *Adinson*, 114 Ind. 282. The fact that plaintiff has the legal title without any beneficial interest does not entitle him to sue. *Parker* v. *Totten*, 10 How. Pr. 233; *McLaren* v. *Hutchinson*, 22 Cal. 187. This defense may be raised by any person beneficially interested in the result of the action who intervenes. *Gradwohl* v. *Harris*, 29 Cal. 150. The intervener as administrator is entitled to the certificate in dispute. Section 6372, Rev. Codes; *Reiser* v. *Gigrich*, 61 N. W. Rep. 30; *Wiswell* v. *Wiswell*, 35 Minn. 371, 39 N. W. Rep. 166. Property disposed of by residuary legacy does not vest directly in the legatee but in the executor by operation of law subject to distribution. *Melnes* v. *Pfister*, 18 N. W. Rep. 255, 59 Wis. 192; *Gundry* v. *Estate of Henry*, 27 N. W. Rep. 401, 65 Wis. 599. By section 3562, Rev. Codes, gifts in view of death are placed upon the same footing as legacies in so far as creditors are concerned.

*Cochrane & Feetham*, for respondent.

Seybold the plaintiff, is a party in sufficient interest to sustain this action. He held the certificate upon an unqualified indorsement of the payee, giving him the legal title to the paper, open

however, to any defenses to which it could be subjected in the hands of the original payee. *Anderson* v. *Reardon*, 46 Minn., 185, 48 N. W. R. 777; *Castner* v. *Austin*, 2 Minn. 32; *Vanstrum* v. *Liljengen*, 37 Minn. 191, 33 N. W. R. 555; *Elmquist* v. *Markoe*, 45 Minn. 305, 47 N. W. R. 970; *Sheridan* v. *Mayor*, 68 N. Y. 30; *Hayes* v. *Hawthorne*, 74 N. Y. 486; *City Bank* v. *Perkins*, 29 N. Y. 554, 86 Am. Dec. 331; *Felenthal* v. *Hawks*, 52 Minn. 178; *O'Connor* v. *Irvine*, 16 Pac. Rep. 236; *McLaughlin* v. *First Nat'l Bank*, 6 Dak. 406; *Giselman* v. *Starr*, 40 Pac. Rep. 8; *Rissing* v. *Teabout*, 35 N. W. R. 499; *Yonker* v. *Martin*, 18 Ia. 143; *Pierson* v. *Cummings*, 28 Ia. 345; *Green* v. *Marble*, 37 Ia. 95; *Warnock* v. *Richardson*, 50 Ia. 450; *Knadler* v. *Sharp*, 36 Ia. 234; *Boyd* v. *Corbet*, 37 Mich. 52; *White* v. *Stanley*, 29 O. St. 423; *Gere* v. *Ins. Co.*, 23 N. W. R. 137; *Sheldon* v. *Pringle*, 17 Barb. 468; *Gillepsie* v. *Ry. Co.*, 12 Ind. 398; *Cottle* v. *Cole*, 20 Ia. 485; *Eaton* v. *Alger*, 47 N. Y. 345; *Price* v. *Dunlap*, 5 Cal. 485; *Gushee* v. *Leavitt*, 5 Cal. 160; *Caldwell* v. *Lawrence*, 84 Ill. 161; *Rice* v. *Savery*, 22 Ia. 470; *Cassiday* v. *First Nat'l Bank*, 30 Minn. 86; *Devol* v. *Barnes*, 7 Hun. 342; *Davis* v. *Reynolds*, 5 Hun. 651; *Green* v. *Magra Ins. Co.*, 6 Hun. 128; *Allen* v. *Brown*, 44 N. Y. 228; *Meeker* v. *Claghorn*, 44 N. Y. 349; *Durgin* v. *Ireland*, 14 N. Y. 322; *Paddon* v. *Williams*, 2 Abb. Pr. (N. S.) 88; *Batesville* v. *Kauffman*, 18 Wall. 154, 21 L. Ed. 776; *Farwell* v. *Tyler*, 5 Ia. 535; *Wetmore* v. *Hegeman*, 88 N. Y. 72; *Pierson* v. *Cummings*, 28 Ia. 344; *Wetmore* v. *City*, 44 Cal. 294; *Gradwohl* v. *Harris*, 29 Cal. 150; *Schnier* v. *Fay*, 12 Kan. 184; *Williams* v. *Norton*, 3 Kan. 290; *Curtiss* v. *Mohr*, 18 Wis. 615; *Hilton* v. *Warning*, 7 Wis. 492; Pomeroy's Remedies 130, 131 and 132. Seybold was the trustee of an express trust and as such could recover. *McLaughlin* v. *Bank*, 6 Dak. 406, 43 N. W. Rep. 715; *Devol* v. *Barnes*, 7 Hun. 342; *Wetmore* v. *Hegeman*, 88 N. Y. 72; § 4872, Comp. Laws. No defense was proven against the debt and it was a matter of no concern of defendant or intervener whether Seybold owned the certificate or held it for collection only. *Giselman* v. *Starr*, 106 Cal. 65, 40 Pac. Rep. 10; *Wetmore* v. *Hegeman*, 88 N. Y. 72; *Cottle* v. *Cole*, 20 Ia. 485; *Price* v. *Dunlap*, 5 Cal. 485; *Gushee* v.

*Leavitt,* 5 Cal. 160; *Caldwell* v. *Lawrence,* 84 Ill. 161; *Rice* v. *Savery,* 22 Ia. 470. The reading of our statute and of the Iowa, New York and California Codes are the same. Section 4870, Comp. Laws; § 367, Deerings Code Civ. Pro. of California; § 449, Stovers Code Civ. Pro. of New York; § 3748, McClains Annotated Code of Iowa. Our Code being last adopted and modelled from those of California and New York, we must be considered as having taken the statute with the construction placed upon it by their courts. *Jasper* v. *Hazen,* 4 N. D. 4. That plaintiff is not the real party in interest, is new matter in abatement and should be affirmatively plead. *Cottle* v. *Cole,* 20 Ia. 485; *Bowser* v. *Mattler,* 36 N. E. Rep. 714; *Felton* v. *Smith,* 84 Ind. 485; *State* v. *Ruhlman,* 11 N. E. Rep. 793; *Hereth* v. *Smith,* 33 Ind. 514; *Raymond* v. *Pritchard,* 24 Ind. 318; *James* v. *Chalmers,* 6 N. Y. 209-215; *Garrison* v. *Clark,* 11 Ind. 369; *Swift* v. *Elsworth,* 10 Ind. 205, 71 Am. Dec. 316 and note; Pomeroy's Remedies, § 698 and 711; 17 Am. and Eng. Enc. L. 551; *Price* v. *Dunlap,* 5 Cal. 483; *Gushee* v. *Leavitt,* 5 Cal. 160; *Caldwell* v. *Lawrence,* 84 Ill. 161; 1 Enc. Pleading & Pr. 11; *Laniar* v. *Trigg,* 45 Am. Dec. 293; *Varnum* v. *Taylor,* 14 N. Y. Supp. 243; *Spooner* v. *Delaware,* 21 N. E. R. 696; *Burnette* v. *Lyford,* 28 Pac. Rep. 855; *Gerrish* v. *Gray,* 1 Allen, 213; *Coburn* v. *Palmer,* 8 Cush. 124; *Smith* v. *Hall,* 67 N. Y. 50; *Poorman* v. *Mills,* 36 Cal. 121; *Denver* v. *Clark,* 23 Pac. Rep. 209; *Nat'l Distilling Co.* v. *Cream City, etc.,* 56 N..W. R. 864; *Globe Reserve Mutual Life Ins. Co.* v. *Duffy,* 25 At. Rep. 227; *Robinson* v. *Robinson,* 32 Mo. App. 88; *Farwell* v. *Tyler,* 5 Ia. 539. At the time this action was begun Hood was not administrator of the estate, and could make no claim to the funds in dispute. The rights of the parties must be determined by the facts as they stood at the time the cause of action accrued. *Bates* v. *Wilbur,* 10 Wis. 415; *Newman* v. *Tymeson,* 12 Wis. 448; *Case* v. *Jewett,* 13 Wis. 498; *Meech* v. *Patchen,* 14 N. J. L. 71; *Louis* v. *Palmer,* 28 N. J. L. 271; *Colter* v. *Beckley,* 30 Ohio St. 523; *Nichols* v. *Michael,* 23 N. J. L. 264; *Allen* v. *Crary,* 10 Wend. 349; *Hamer* v. *Hathaway,* 33 Cal. 117; *Blue Valley Bank* v. *Clement* 30 N. W. Rep. 64. Mrs. Hood by the

gift of her son and upon delivery of the same became the absolute unconditional owner of the fund against all the world excepting only creditors of her donor. Section 3267, Comp. Laws; *McGrath v. Reynolds*, 116 Mass. 566; *Gass* v. *Simpson*, 4 Cold. (Tenn.) 297; *Basket* v. *Hassell*, 2 S. C. Rep. 418; *Daniel* v. *Smith*, 64 Cal. 346; *Hamm* v. *Moore*, 8 Ohio St. 242. There is no proof in the record that any claims have been proved against the M. C. Hood estate and there being no creditors this gift in view of death cannot be subjected to the control of the administrator. *House* v. *Grant*, 4 Lans, 296; 2 Deering's Cal. Code, 1153 and note; *Basket* v. *Hassell*, 2 S. C. Rep. 418, 107 U. S. 602; *Dunn* v. *German American Bank*, 18 S. W. Rep. 1141; *Gass* v. *Simpson*, 4 Cold. 288; *Kiff* v. *Weaver*, 94 N. C. 274, 55 Am. Rep. 601; 3 Pom. Eq. Jur. § 1147; *Emery* v. *Clough*, 63 N. H. 552, 56 Am. Rep. 543; *Marshall* v. *Berry*, 13 Allen 46; *Parish* v. *Stone*, 14 Pick. 204; *Michenar* v. *Dale*, 25 Penn. St. 64. This gift cannot be set aside in this action as a fraud upon creditors because the intervener has not exhausted his remedy at law and because Mrs. Hood is not a party to the suit. Wait's Fr. Conv. 68.

CORLISS, J. As originally instituted, the object of this action was to recover judgment against defendant, the Grand Forks National Bank, on a certificate of deposit issued by the bank to one John A. Greenlee. One of the points urged upon this appeal as a ground for reversal of the judgment in favor of the plaintiff and against the bank is that the plaintiff is not the real party in interest. The certificate of deposit was indorsed by Greenlee to R. R. Barrett, cashier, and by Barrett it was indorsed to the plaintiff. The indorsement to the plaintiff is in the following form: "Pay to the order of Jos. Seybold, cashier." The indorsements to Barrett, and by Barrett to plaintiff, were it is claimed, for collection; and therefore it is insisted that Greenlee, and not the plaintiff, is the real party interested under the Code. Rev. Codes, § 5221. That one who has the naked legal title to a chose in action may maintain an action upon it, under a statute which provides that an action must be brought by the real party in interest, is a doctrine

supported by the almost unanimous voice of authority. *Anderson v. Reardon*, 46 Minn. 185, 48 N. W. 777; *Elmquist* v. *Markoe*, 45 Minn. 305, 47 N. W. 970; *Sheridan* v. *Mayor*, 68 N. Y. 30; *Giselman* v. *Starr*, 106 Cal. 651, 40 Pac. 8; *Cottle* v. *Cole*, 20 Iowa, 481; *Eaton* v. *Alger*, 47 N. Y. 345; *Knadler* v. *Sharp*, 36 Iowa, 234; *Allen* v. *Brown*, 44 N. Y. 228; *Wetmore* v. *Hegeman*, 88 N. Y. 72. Many other cases might be cited.

It is urged here that the indorsement of the certificate of deposit was merely for collection, and that therefore Seybold is only the agent of Greenlee for the purpose of collecting the paper; and in this connection the case of *Bank* v. *Hollister*, 21 Minn. 385, is cited. But in that case the indorsement itself stated that it was for the purpose of collection only. Neither of the indorsements in this case contain any such statement. They are both in terms unrestricted indorsements of the certificate. They therefore transferred the legal title to the paper to the respective indorsees. The fact that Seybold was, upon collecting the amount of the certificate, to account to Greenlee for the same, or, rather, was to account to Barrett, who was in turn to account to Greenlee, is by no means decisive of the question whether Greenlee intended that the legal title to the paper should pass to Barrett and to his indorsee. Greenlee himself has seen fit to use language sufficient to transfer the legal title to the instrument to his indorsee, and we do not see on what principle the defendant bank should be allowed to go outside of the contract, for the purpose of giving the transaction a different legal effect, when it has no possible interest in the question, and cannot be prejudiced by the ruling that the legal title was transferred to Barrett, and by him to plaintiff, by indorsement in terms purporting to make such transfer. We regard the recent case of *Elmquist* v. *Markoe*, 45 Minn. 305, 47 N. W. 970, as directly in point. In this case the court said: "The point is also made that there was evidence tending to show that plaintiff was not the owner of the note, but held it simply as agent for Benson, and that this question should

have been submitted to the jury. We think the uncontradicted evidence is that plaintiff was a pledgee for value. But, in any event, it was unquestioned that he was the holder of the note under the unconditional and unrestricted indorsement of the payee. This vested in him the legal title, and entitled him to sue in his own name, whether he possessed the beneficial interest in its proceeds or not. A recovery by plaintiff will fully protect the defendants, and they have no interest in the equities between him and his assignor, unless an inquiry into the subject had become material upon the right of interposing some defense or counterclaim against the assignor. *Vanstrum* v. *Liljengren*, 37 Minn. 191, 33 N. W. 555; *Sheridan* v. *Mayor*, 68 N. Y. 30; *Hays* v. *Hathorn*, 74 N. Y. 486-490." See, also, *Boyd* v. *Corbitt*, 37 Mich. 52. If the sole object of Greenlee was to intrust this paper to an agent for collection, there was no occasion for indorsing it at all. A debtor has no right to insist that his creditor shall, on receiving payment, indorse to him (the debtor) the written obligation he holds. Surrender is all that can be required. The ordinary purpose of indorsing negotiable paper by an unrestricted indorsement in sending it through a bank for collection is to vest in the bank the legal title for purposes of collection. Where such indorsement is unrestricted, as in the case at bar, the indorsee is thereby made the holder of the legal title, although it may be that he is given such legal title to enable him to collect the paper for the indorser. See *McWilliams* v. *Bridges*, 7 Neb. 419. The finding of the court is merely that the instrument was indorsed to Barrett, and by him to plaintiff; and, when we turn to the testimony, we find that Greenlee testified that he put the certificate in the bank "the same as other checks, and expected them to collect it." This testimony tends to confirm the view that, while he deposited it for the purpose of having it collected, the general usage of business men was intended to be followed by him, *i. e.* he gave the bank the legal title to the paper, expecting it to forward it for collection as the holder of such legal title; and this the character of the indorsement confirms.

At common law the assignee was obliged to sue in the name of the assignor. It was to do away with this rule that the statute has been adopted, in the several states, providing that an action must be brought in the name of the real party in interest. Under this statute the assignee may sue in his own name, although he holds the legal title merely for the benefit of another. All that the debtor is interested in is protection against a second action on the same claim. If the beneficial owner has vested the legal title to the chose in action in a third person by assignment, the assignee can collect the claim, and the debtor will be protected; and if the assignee sues upon the claim, a judgment in his favor will preclude a recovery on the same demand by the assignor. It is not contended, in this case, that the bank will suffer any prejudice by allowing plaintiff, instead of Greenlee, to maintain this action, owing to the existence of any offset in its favor, good as against Greenlee, and not good as against the plaintiff.

Subsequently to the commencement of this action, the appellant Charles H. Baldwin, as administrator of the estate of M. C. Hood, intervened in the action, claiming title to the certificate of deposit. Having failed to satisfy the District Court with respect to his title, he has appealed from the adverse judgment of that court. How the intervener can claim any interest in the certificate of deposit sued on is beyond our comprehension. His alleged title to it is based on the following facts: M. C. Hood, of whose estate he is administrator, shortly before his death, gave to his mother, as a gift *causa mortis,* an insurance policy on his own life, payable to himself or assignee. Subsequently she collected the amount of the policy from the insurance company, and deposited the money in a bank at Bridgeport, Ohio. Thereafter she loaned to John A. Greenlee individually the sum of $3,000, taking his note therefor; and it was this money which he deposited in the defendant bank, and for which was issued to him the certificate of deposit on which this action was brought. The money with which she made this loan was drawn from the bank in which she had deposited this insurance money, and

the amount of such loan was the exact amount received by her from the insurance company, and deposited in such bank. It also appears that she had no money in the bank at the time she made such deposit, and never, at any time before drawing out this sum to make the loan to Greenlee, deposited any other moneys in such bank. The theory on which the intervenor seeks to have the certificate of deposit adjudged to belong to him as administrator is that the insurance policy on the life of M. C. Hood, his decedent, was part of the assets of the decedent's estate, and that he has followed the proceeds of the policy into the hands of Greenlee and the plaintiff, who, for the purposes of this action, occupies the exact position of Greenlee. Assuming that the policy did belong to the estate, we fail to discover the principle on which the intervener can claim this certificate of deposit in Greenlee's hands. The policy went into the hands of the mother of M. C. Hood, and she collected the amount due upon it. The right of the estate, assuming it had any right, to the policy itself, was then transferred to the money collected, and later it was transferred to the account in her favor with the bank created by the deposit of such money therein. When she loaned to Greenlee money taken from this same account, and took his note for the loan, the right of the estate, if any, was transferred to this note. But it did not follow the money into the hands of a third person, who had borrowed the money and given his obligation therefor. The doctrine that property may be followed in changed form is limited to the person who received it in the original form as the property of the claimant. No matter how often its character may be altered in the hands of the one who first acquired it, the owner may follow it, if he can establish its identity with the original property. Under this doctrine, the intervener could claim the note given by Greenlee to Elsie Hood, the mother of M. C. Hood, if the estate was the owner of the insurance policy. But he could not invoke this doctrine to justify the pursuit, not of the note in the hands of Elsie Hood, but of the money loaned by her to Greenlee, a third person; and such an

application of this doctrine has never been made by any court. When one borrows money of another, the money so borrowed cannot be followed into his hands, and he be made to account for for such money to a third person, on the ground that the lender of the money had turned into cash property of such third person, and had loaned such cash to the borrower. The borrower's obligation is to the lender. The owner's rights attach to the changed form of the property in the hands of the lender, *i. e.* the note given him by the borrower on the loan, and to that alone.

But the decision in this case may and should be placed on another ground as well. The intervener has made out no claim to the insurance policy or its proceeds. The court merely finds that such insurance policy was given by the decedent, M. C. Hood, to his mother, just before, and in view of, his impending death. It was a gift *causa mortis.* It was consummated by delivery of the policy, and by the execution to his mother by him of an assignment thereof. It is therefore clear that the whole legal and beneficial interest in the policy was, at the time of M. C. Hood's death, vested in his mother, he not having revoked the gift in his lifetime, and having in fact died of the ailment (consumption) which, at the time of the gift, was inexorably dragging him to the grave. The donee of a gift *causa mortis* does not depend upon the will of the administrator for his title. His title vests before the death of his donor, subject to revocation by the donor during his lifetime, or by his recovery from the disease from which he apprehended death when he made the gift. The subject of the gift does not become a part of the assets of the estate, for the reason that it did not belong to the donor at the time of his death. But, upon the principle that one must be just before he is generous, the administrator may pursue the thing so given in the hands of the donee, whenever he can establish the fact that it is needed to pay debts of the donor, by reason of the insufficiency of assets for that purpose. The theory on which this action against the donee is instituted is that the transfer of the thing operated, under the circumstances, to defraud creditors,

and therefore should, in their interest, be annulled. It presupposes that the title is in the donee, subject to recall by the estate in case of necessity. It is evident that, as the right of the donee to retain the gift can be defeated only by showing such necessity, he must be a party to the proceeding which assails his right, and therein have the opportunity to contest the truth of the claim on which, alone, his right can be divested. He must have a chance to be heard on the question whether there is a deficiency of assets. In the case at bar the donee is not a party to the action, and cannot possibly be heard on the question whether the gift is needed to pay debts. In support of the views above stated we cite the following cases: 8 Am. & Eng. Enc. Law, 1352; *House* v. *Grant*, 4 Lans. 290; *Basket* v. *Hassell*, 107 U. S. 602, 2 Sup. Ct. 415; *Gass* v. *Simpson*, 4 Cold. 288; *Dunn* v. *Bank*, (Mo.) 18 S. W. 1141; *Kiff* v. *Weaver*, 94 N. C. 374; *Emery* v. *Clough*, 63 N. H. 552, 4 Atl. 796; *Marshall* v. *Berry*, 13 Allen, 40; *Parish* v. *Stone*, 14 Pick. 204; *Michener* v. *Dale*, 23 Pa. St. 64; *Gaunt* v. *Tucker*, 18 Ala. 27; Schouler, Ex'rs, § § 219, 220. Our statute, which declares that a gift in view of death must be treated as a legacy, so far as relates only to creditors of the giver (section 3562, Rev. Codes,) is merely declaratory of the settled rule of law on this subject. Such a gift is not a legacy as to the administrator. He can exercise no control over it merely by virtue of his representative capacity. It is to be treated as a legacy as to creditors alone. It is only when it can be shown that creditors will be injured by sustaining the gift that the personal representative of the decedent can legally claim it, and then only to the extent of the necessity.

In the case at bar it appears that the inventory received in evidence shows assets of the estate of M. C. Hood amounting to $10,000, and few, if any, debts are shown to exist against the estate. The case, as it stands before us, does not disclose any necessity for a resort by the administrator to this fund to enable him to pay creditors of the estate. The contrary clearly appears. If, at any time in the future, it should be discovered that it was

necessary to make Elsie Hood account to the administrator of her son's estate for the purpose of obtaining money with which to pay creditors of such estate who could not otherwise be paid, the proper action for that purpose can be instituted. To that action she would have to be a party. Here it is sought, in effect, to deprive her of her property without an opportunity to be heard. Of course, such a proceeding would be ineffectual to bind her, and she could therefore enforce her obligation against Greenlee for the money borrowed by him, although he would be stripped of this certificate of deposit, if we should hold that the intervener could maintain his contention in this case. If he saw fit to advance his individual money to pay debts of the decedent, no one can derive any advantage from that circumstance. Certainly that fact would not divest him of his title to the balance of the money on deposit with the defendant bank, and vest such title in the estate. The intervener, who was appointed administrator with the will annexed in place of Greenlee, as executor, cannot, therefore, lay any claim to this certificate of deposit. It was not a part of the assets, nor did Greenlee make it part of such assets.

The judgment of the District Court is affirmed. All concur.