TROTTER *et al.* v. MUTUAL RESERVE FUND LIFE ASS'N *et al.*

1. Where an administrator refuses to bring an action on a claim due the estate, the heirs or creditors may maintain an action thereon in the circuit court, making the administrator and all others interested parties.

2. An allegation, in a complaint in an action by heirs to recover a debt due an estate, that a release of such debt was fraudulently executed by the administrator, is unnecessary and improper, the release being a matter of defense; but as the allegations, taken together, do not constitute a defense to the action, they will be treated as surplussage, and will not render the complaint demurrable. FULLER, J., dissenting.

(Opinion filed April 16, 1897.)

Appeal from circuit court, Yankton county. Hon. E. G. SMITH, Judge.

Action to recover on a policy of life insurance. Defendants' demurrer to the complaint was overruled, and they appeal. Affirmed.

The facts are stated in the opinion.

*Aikens, Bailey & Voorhees,* for appellants.

The administrator was empowered to compromise with appellants without the approbation in any manner of the county court, or of the heirs-at-law of the insured. Moulton v. Holmes, 57 Cal. 341; Wyman's Appeal, 13 N. H. 18; Choteau v. Suydam, 21 N. Y. 179; Boyd v. Oglesby, 23 Gratt. 674; Chadbourn v. Chadbourn, 9 Allen 173; *In re* Scott, 1 Redf. 236; § 1588, Cal. Code Civ. Pro.; Jeffries, Admr., v. Ins. Co., 110 U. S. 305. The allegations are insufficient at common law and in equity. That they are insufficient under the codes, see Plummer v. Brown, 70 Cal. 544; S. C. 12 Pac. 464; Miller v. Powers, 119 Ind. 79, S. C. 21 N. E. 455; Mills v. Collins, 25 N. W. 109; Kerr v. Steman, 33 N. W. 654; Tepael v. Saunders Co., 40 N. W. 415; Wood v. Amory, 105 N. Y. 278; Cohn v. Goldman, 76 Id. 284; Butler v. Viele, 44 Barb. 169; Supervisors v. Decker, 30 Wis. 624; Dunn v. Ins. Co., 1 Flip. (U. S. Cir.) 379. No cause of action exists in favor of respondents. Richardson v. Vaughan, 23 S. W. 640.

*R. B. Tripp,* for respondents.

The administrator was not empowered to make the compromise. Siddall v. Clark, 26 Pac. 829, S. C. 89 Cal. 321; Luchich v. Medin, 3 Nev. 109; Traunnell v. Swan, 25 Tex. 474; Hamilton v. Pleasants, 31 Id. 638; Edmonson v. Garnett, 33 Id. 250; McNulty v. DeSaussure, 19 S. E. 926. When an executor or administrator refuses to act, heirs, legatees or creditors can claim the intervention of a court of equity. Bennett v. Hoffman, 58 Md. 78; Story Eq. Jurisp. § 534.

HANEY, J.  It is alleged in the complaint:  "(1) That the defendant the Mutual Reserve Fund Life Association at the times herein stated was, and now is, a corporation duly created and existing under and by virtue of the laws of the state of New York.  (2) That on or about the third day of October, 1893, at Yankton, South Dakota, said defendant association, in

consideration of an application for insurance, payment of forty dollars, and the further payment of fifteen dollars within sixty days from said date, received one Daniel L. Hadley, as one ✪ of its members, upon consideration of the payment of eleven dollars and sixty cents, as a deposit in advance on account of mortuary premiums and dues, within thirty days from the first week day of the months of February, April, June, August, October and December thereafter, and the payment of subsequent mortuary premiums and dues, and made its policy of insurance whereby it agrees that there should be payable to the executors or administrators of said member the sum of five thousand dollars within ninety days after the acceptance of satisfactory evidence of said member's death. (3) That on or about the 4th day of December, 1893, at Yankton, South Dakota, said member died. (4) That on the 13th day of January, 1894, the county court of Yankton county, South Dakota, duly appointed the defendant Frank E. J. Warrick as sole administrator of the estate of said member, Daniel L. Hadley, deceased; that said Warrick thereafter duly qualified, and is now administrator of said estate. (5) That on or about the —— day of February, 1894, the said defendant association received and accepted satisfatory evidence of the death of said member from said administrator, and said defendant association, prior to said date, also waived the acceptance of satisfactory evidence of the death of said member by denying liability upon said policy of insurance, and other acts; that said administrator duly performed all of the conditions of said policy of insurance upon his part. (6) That the name of said member, Daniel L. Hadley, deceased, was Daniel L. Trotter, and at the time of his application for said insurance, the issuance of said policy, and prior and subsequent thereto, he was more commonly known and called by the name Hadley than Trotter. (7) That the said member died intestate, and these plaintiffs are his only next of kin and heirs at law, to-wit, mother, brothers and sisters; that said member was never married, and had no wife or children. (8) That

these plaintiffs requested said administrator to bring this action; that he refused to do so and is therefore made a defendant, and the suit is prosecuted by these plaintiffs. (9) That on or about the 10th day of August, 1893, in consideration of $325.25, said administrator, as such, by written endorsement upon said policy of insurance, undertook to, and in form did, release and discharge said defendant association from all liability upon said policy of insurance, (10) That said release was executed by said administrator without the direction, authorization or approval of said county court or judge thereof, that the said administrator executed the same without any authority whatever, and without the knowledge, consent or ratification of these plaintiffs, or any of them, and the same was procured by the misrepresentation and fraud of said association and misconduct of said administrator; that none of these plaintiffs have ever received any part of the consideration, or anything, for said release, nor have they ever applied to the administrator to account therefor, nor to the said county court, or the judge thereof, to cause him to do so. (11) That the said association has not paid the said five thousand dollars, and the same is now due and payable." Appellants' demurrer to the complaint having been overruled, they appealed to this court. The ground relied upon is that the complaint does not state facts sufficient to constitute a cause of action.

The county court has original, but not exclusive jurisdiction in all matters of probate guardianship and settlement of estates of deceased persons. The circuit court has original jurisdiction of all actions and causes both at law and in equity. It has, as a court of equity, concurrent jurisdiction in matters of administration, and will exercise such jurisdiction when the powers of the county court are inadequate to the purposes of perfect justice. St. Const. Art. 5, §§ 14, 20; Beach Mod. Eq. Jur. §§ 1033, 1034. As a rule actions to recover debts due an estate must be maintained by the executor or administrator, and not by the heirs or creditors; but to this rule there are excep-

tions, as where there is collusion between the debtor and personal representative or he is insolvent, or where the circumstances are such that the reason of the rule ceases.    Comp. Laws, § 4697; Howes, Parties, § 72.    When an administrator refuses to bring action upon a claim due the estate, heirs, creditors and others interested in its collection should have an adequate remedy.    Must they apply to the county court to have the administrater removed, and one appointed who will perform his duty?    The order of removal may be appealed from, and while the parties are engaged in this idle preliminary litigation the debt may be lost.    A new administrator would have to sue in the circuit court.    Why cannot those interested in the estate do directly and at once what it is conceded may be done indirectly and after vexatious delays?    The debtor cannot complain.    It matters not to him who is plaintiff, because the court will provide that the proceeds of the judgment shall be distributed according to law, and such judgment will be a bar to another action for the same debt.    It is in effect an action for the benefit of the estate, brought in the name of heirs or creditors because the personal representative has refused to bring it.    Should the action fail, the plaintiffs, and not the estate, will be liable for the costs.    We can discover no good reason why plaintiffs should not be permitted to maintain this action. On the contrary, it seems to be the only suitable method of attaining the ends of substantial justice, the purpose for which courts are instituted.    Doubtless, all who are interested in the estate should be parties to this action, but appellants have not demurred on the ground that there is a defect of parties; and the demurrer would be bad were that ground specified, because it does not appear on the face of the complaint that there are any persons other than plaintiffs interested in the result of the action.    The objection that there may be creditors who should be made parties must be taken, if at all, by answer.    Comp. Law, § 4912.

The release is a matter of defense, which should not have been mentioned in the complaint.    The allegations relating

thereto must be construed together, and, if stated in an answer, would certainly constitute no bar to plaintiffs' recovery. They do not defeat plaintiffs' right of action. They are inoperative and useless, and should be disregarded as surplussage. Phil. Code Pl. § 133. Without them we have a debt due the estate of $5,000, upon which the administrator refuses to bring suit. We think the complaint states a cause of action, and that the order overruling the demurrer should be affirmed. It is so ordered.

Fuller, J. (dissenting). I can neither concur with my associates in the result reached, nor assent to the reasons assigned therefor. The decisions sanction, it seems to me, a doctrine productive of endless litigation and confusion, by which any one interested in the estate of a decedent may, after requesting a personal representative to institute a suit, make him a defendant in a court of equity, and there call upon him to account at any time for every act performed in the due course of administration. As I read the foregoing complaint, plaintiffs, in substance and effect, allege that their intestate, Daniel L. Trotter, concealed his true name, and falsely represented to appellant the Mutual Reserve Fund Life Association that his name was Daniel L. Hadley, and under that appellation applied for and obtained the $5,000 insurance policy, payable to the executors or administrators of his estate; that the insured died intestate, leaving respondents, next of kin and his only surviving heirs at law; that the defendant Frank E. J. Warrick, who is the duly appointed, qualified and acting administrator of the estate, promptly furnished to the association satisfactory evidence of the death of said member and has duly performed all of the conditions of said policy of insurance upon his part"; that said association thereupon denied all the liability on the policy of insurance, and, "in consideration of $325.25 said administrator, as such, by written endorsement upon said policy of insurance, undertook to, and in form did, release and discharge said defendant association from all liability upon said policy of insur-

ance." Conceding that the jurisdiction of a court of equity may be invoked, in the interest of justice, against an administrator, by persons entitled to distribution, when the probate court has failed or refused to afford merited relief, such instances are of exceptional occurrence; and a suit like the present is never maintainable under a complaint in which it is made to appear affirmatively that a valid settlement of the claim sought to be recovered has been effected. Manifestly, there is no averment sufficient to admit of proof, and it would be violent to presume that the alleged compromise and release resulted from the fraudulent and collusive conduct of the parties, and it is therefore void *in toto.* Mr. Warrick was acting in the due administration of his trust. The insurer denied all liability, and refused to settle the claim. Finally, in the exercise of his common-law and statutory powers, and in consideration of the receipt of $325.25 in cash, he released the association from further liability on the policy. In order to hold that the complaint states a cause of action, it must be assumed that the administrator in bringing about a compromise, violated his trust, to the injury of plaintiffs, and that the association acted collusively and fraudulently in obtaining the release. Our statute (Comp. Laws, § 5867) provides expressly that "a compromise may be authorized when it appears to be just and for the best interest of the estate"; and, in construing an identical provision of their statute, the supreme court of California held, in keeping with the weight of authority, that the common-law power of an administrator to compound and discharge a debt due the estate is in no manner restricted thereby, and that the probate court was given power to approve such compromise merely for the protection of the administrator. "He is not only bound to compromise and release a debt when the interests of the estate require it, but he would be guilty of culpable neglect if he should fail to do so, and lose the debt." Moulton v. Holmes, 57 Cal. 337. *Prima facie*, the settlement complained of is valid, and as the right to recover, in any sum whatever, was

denied, the presumption is that no available assets were misapplied by misconduct, fraud or collusion, Davenport v. First Congregational Soc., 33 Wis. 387. Assuming, but by no means conceding, that any disgruntled distributee, legatee, or creditor of an estate may at pleasure supercede and take a personal representative out of the supervisory influence of the probate court, and compel him to answer in a court of equity, merely because he declines to institute a suit when called upon, such suitors cannot prevail when their own pleading irresistibly sustains the inference that the act complained of was performed in good faith, and strictly within the line of duty. Neither will it do to disregard as mere surplussage allegations of the complaint which show that plaintiffs have no cause of action. Phil. Code Pl. § 133. As the demurrer should have been sustained for the reason that the complaint does not state facts sufficient to constitute a cause of action, the order appealed from ought to be reversed.