# HENTSCHEL v. FIDELITY & DEPOSIT CO. OF MARYLAND.*

### No. 10543.

Circuit Court of Appeals, Eighth Circuit.

Feb. 3, 1937.

*Rehearing denied March 1, 1937.

834

Erwin F. Vetter and George T. Priest, both of St. Louis, Mo., for appellant.

Herbert E. Barnard, of St. Louis, Mo. (Leahy, Walther, Hecker & Ely and John S. Leahy, all of St. Louis, Mo., on the brief), for appellee.

Before GARDNER, WOODROUGH, and THOMAS, Circuit Judges.

GARDNER, Circuit Judge.

This cause is now before us on rehearing. The sole question involved is the right of appellant to maintain the action. Appellant was plaintiff below, and we shall refer to the parties as they were there designated.

Plaintiff's amended petition alleges that, with the approval of the Insurance Department of the State of Missouri, the stockholders and members of the board of directors of the Western States Life Assurance Company agreed voluntarily to dissolve and to cease doing business as an insurance corporation, and that all of its insurance business was thereupon reinsured by and with the consent and approval of all the stockholders and officers of the Insurance Company and the Superintendent of Insurance and the Insurance Department of the State of Missouri; that on or about December 1, 1931, the Insurance Company voluntarily filed its petition for dissolution in the circuit court of the city of St. Louis, Mo., petitioning that court to appoint Oscar H. Hentschel as trustee to liquidate the corporation. The following allegations appear in the amended petition:

"Plaintiff further states that said dissolution proceeding was thereafter set down for hearing by the Circuit Court of the City of St. Louis, Missouri, and that all of the stockholders of said corporation, and the officers and directors of said corporation were personally served with summons, and by publication, as required by the Statutes of the State of Missouri in such cases made and provided, and that all persons interested in said corporation were duly notified of said hearing in the manner as provided by the Statutes of the State of Missouri.

"Plaintiff further states·that the stockholders of said corporation and the directors and all parties interested in said corporation appeared, and after a full and complete hearing, the officers and directors refusing to act as trustees, in the liquidation of said corporation, the Circuit Court of the City of St. Louis, Missouri thereupon appointed Oscar H. Hentschel the liquidating trustee and statutory trustee of the affairs of said corporation and directed the said Oscar H. Hentschel to take charge of the assets of said corporation and administer them as provided by the Statutes of the State of Missouri.

"Plaintiff further states that when the said dissolution proceeding was set down for hearing, the superintendent of the Insurance Department of the State of Missouri was notified of said hearing and that said superintendent of the Insurance, pursuant to said notice, did appear in said proceeding and consented to the appointment of the said Oscar H. Hentschel and liquidating trustee and statutory trustee.

"Plaintiff further states that this suit is instituted by order and direction of the Circuit Court of the City of St. Louis, Missouri, which appointed plaintiff liquidating trustee and statutory trustee."

The cause of action alleged is based on the alleged breach of a fidelity bond executed by an employee of the Insurance Company, on which defendant was surety. A special demurrer to the original petition was filed, challenging the right of plaintiff to maintain the action, on the ground that he did not have legal capacity to sue. This was amplified in the demurrer as follows: "The Western States Life Assurance Company was an insurance corporation organized under the laws of the State of Missouri, and is now in the process of liquidation, that is, the winding up and dissolution of said insurance corporation; and it further appears upon the face of plaintiff's said petition that plaintiff, Oscar H. Hentschel, was on the first day of December, 1931, appointed by the Circuit Court of the City of St. Louis, Liquidating Trustee for the said insurance corporation, the Western States Life Assurance Corporation; that said Oscar H. Hentschel qualified and accepted said appointment, and was, at the commencement of this suit and action, engaged in the liquidation and dissolution of the said Insurance Corporation"; and that he was not at any time Superintendent of the Insurance Department of the State of Missouri. Another ground of the demurrer was that the Superintendent of Insurance was not made a party, and, further, that the petition failed to state a cause of action.

836

The court sustained the demurrer, and an amended petition was filed, and defendant then moved to dismiss the amended petition on the ground that it attempted to present precisely the same point ruled upon in connection with the original petition. The court sustained this motion and entered judgment dismissing the action, from which judgment this appeal is prosecuted.

■ The perplexities of this case have been somewhat clarified by the additional briefs filed and the oral arguments presented on rehearing. We have already observed that the only question involved is the right of plaintiff to maintain the action. That question in turn depends upon the validity of the judgment of the circuit court of the city of St. Louis appointing Oscar H. Hentschel liquidating trustee. The lower court held that judgment void. To warrant it in so doing, it was necessary that it appear from the record that the court could not have had jurisdiction. Evers v. Watson, 156 U.S. 527, 15 S.Ct. 430, 39 L.Ed. 520.

■ The demurrer to the original petition, in addition to the admissions implied by law, expressly admits that the face of the petition discloses that the Western States Life Assurance Company was in process of liquidation, "that is, the winding up and dissolution of said insurance corporation." The fact appears in both the original and the amended petitions. The contention of defendant is not that dissolution was not in process, but that, if the corporation be regarded as an insurance corporation, the cause of action here pleaded was vested in the Superintendent of the Insurance Department, while, if it were an ordinary corporation, the circuit court of St. Louis could appoint as liquidating trustees only the president and directors or managers of the affairs of the corporation, as required by section 4561, Revised Statutes Missouri 1929 (Mo.St. Ann. § 4561, p. 2007).

Accepting as true the allegations of the original and amended petitions, we are of the view that the regularity and propriety of the proceeding taken toward the liquidation and dissolution of the corporation are not open to question on this appeal. The question is whether the court had the power or jurisdiction to appoint a trustee, whether it had power to act, not whether it acted correctly.

■ The dissolution of a corporation may be either a de facto dissolution or a de jure dissolution. Hunn v. United States (C.C.A.8) 60 F.(2d) 430; Youree v. Home Town Mutual Ins. Co., 180 Mo. 153, 79 S. W. 175; Perry v. Turner, 55 Mo. 418; State Savings Ass'n v. Kellogg, 52 Mo. 583. A de facto dissolution, as the name implies, means that a dissolution has in circumstances and in fact taken place, as where the corporation by reason of insolvency, or other reason, suspends all its obligations and goes into liquidation without having technically availed itself of statutory procedure provided for that purpose. Youree v. Home Town Mutual Ins. Co., supra. Here it appears from plaintiff's petition that all the insurance business of the Western States Life Assurance Company had been reinsured in another corporation. It is clear from the allegations that what was meant by the term "reinsurance" was that with the consent of the insured another insurance company was substituted for the Western States Life Assurance Company so that the policyholders looked to the substituted insurer alone, and the Western States Life Assurance Company was released from all liability. People v. American Cent. Insurance Co., 179 Mich. 371, 146 N.W. 235. We must, in view of all the allegations of the pleadings, and our duty to indulge every presumption in favor of the judgment entered in the state court, assume that the term "reinsurance" is so used. Evers v. Watson, supra; Sullinger v. West (Mo.Sup.) 211 S.W. 65. In this situation, the primary duty of the Superintendent of Insurance—the protection of policyholders, the supervision of assets, and the administration of the affairs of an insurance corporation so that policyholders would suffer no loss, or that loss be minimized—had been performed, and hence may be eliminated from our consideration of the action by the state court now challenged. The question of the proper administration of the remaining assets of this insurance company at the time of the state court action was of concern only to the ordinary creditors (excluding policyholders) and stockholders.

■ On petition for rehearing, plaintiff, for the first time, called to our attention section 5731, Revised Statutes Missouri 1929 (Mo.St.Ann. § 5731, p. 4371). This provides a procedure for reinsurance initiated by the filing of a petition with the

Superintendent of Insurance, followed by notice to policyholders, a hearing by a commission consisting of the Superintendent of the Insurance Department of Missouri and a like officer of two other states, which may approve and authorize the proposed reinsurance plan, or modify it, and may then "make such order with reference to the distribution and disposition of the surplus assets of any such company thereafter remaining as shall be just and equitable." Whether under the meager allegations of the petitions, it should be presumed that this procedure had been followed, need not, we think, be determined. It must be accepted as a fact that the policyholders, the Superintendent of Life Insurance, and the Western States Life Assurance Company, have all consented to a reinsurance mutually satisfactory, and which released the Assurance Company from liability to its policyholders. The administration of the assets of the company remaining after dissolution was not a matter of public concern, and no reason occurs to us why the Superintendent of Insurance should alone be the trustee or receiver of the assets for the benefit of the ordinary creditors or stockholders, or why the usual form of corporate receivership or trusteeship in dissolution and liquidation might not be sufficient to protect such interested parties, none of whom are complaining of the procedure taken. The fact that the corporation was in process of dissolution is, under the facts above recited, sufficient to give rise to a trust. Whether the corporation itself administers the assets, or trustees or receivers administer them, the inherent nature of the relationship where the process of dissolution is entered upon is that of trust, the beneficiaries being creditors and stockholders. The assets of the corporation in process of dissolution or insolvency may be treated in equity as a trust fund for creditors and stockholders. Mormon Church v. United States, 136 U.S. 1, 10 S. Ct. 792, 34 L.Ed. 478; Illinois Power & Light Corporation v. Hurley (C.C.A.8) 49 F.(2d) 681; Richards v. Northwestern Coal & Mining Co., 221 Mo. 149, 119 S.W. 953.

Eliminating all questions pertaining to the fact or method of dissolution, the remaining question is whether the circuit court of St. Louis, in the exercise of its general equity powers, had jurisdiction to appoint a trustee to administer this trust. The circuit court of St. Louis, Mo., is a court of record of general jurisdiction, and this is a collateral attack upon its judgment. Every reasonable presumption must therefore be indulged in its support, including the presumption that all the facts necessary to give the court jurisdiction were established and that every act or thing necessary as a condition precedent to conferring jurisdiction had been done, taken, or happened. Thompson v. Farmers' Exchange Bank, 333 Mo. 437, 62 S. W.(2d) 803. An erroneous decision does not, of course, divest of jurisdiction, and the national courts, other than the Supreme Court, are not invested with appellate jurisdiction over state courts and cannot reverse, vacate, or modify their judgments where such courts had jurisdiction of the parties and the subject matter. Elder v. Richmond Gold & Silver Min. Co. (C.C.A.8) 58 F. 536.

The contention urged by defendant as to the invalidity of this judgment cannot be sustained, at least on collateral attack.

Section 4561, Revised Statutes Missouri 1929 (Mo.St.Ann. § 4561, p. 2007), provides that the trust involved in the handling of the affairs of a corporation in dissolution shall be administered by trustees, and section 4565 (Mo.St.Ann. § 4565, p. 2012) provides that, "upon entering a judgment dissolving a corporation, the court shall direct that the president and the directors or managers of said corporation shall take charge of its assets and administer them as now provided by section 4561, R.S.1929." Assuming, without deciding, that this statute may be pertinent, the pleadings here allege that the parties therein designated as trustees refuse to act. We have already held that there was a de facto dissolution of this corporation, and hence it is not material whether under this statute the circuit court of St. Louis had jurisdiction to dissolve the corporation. The statutory proceeding is not exclusive, and, in view of the general jurisdiction of a court of equity over trusts, the court would not, when appealed to, permit the trust to fail for want of a trustee, or by the refusal of the trustees to accept the trust. Adams v. Adams, 21 Wall. 185, 186, 22 L.Ed. 504. Circuit courts in Missouri have exclusive original jurisdiction in all civil cases not otherwise provided for. Section 22, article 6, Missouri Constitution. They have the inherent right and power to exercise jurisdiction over trust estates, which

the Missouri courts have referred to as an ancient head of equity jurisdiction. State v. Johnson, 229 Mo.App. 16, 68 S.W.(2d) 858; Brandon v. Carter, 119 Mo. 572, 24 S.W. 1035, 41 Am.St.Rep. 673.

The creator of a trust may manifest an intention that the trust shall cease or fail unless the person named by the creator as trustee shall continue to act as trustee, or if the purposes of the trust cannot be carried out unless he acts, and under such circumstances the trust will fail for lack of a trustee. Restatement of Law, Trusts, p. 111. But such an interpretation should not be given a statute providing for the appointment of trustees to wind up the affairs of a corporation, unless it is compelled by clear and unambiguous language. We are not prepared to hold that the language of this statute means that defaulting officers must be appointed to administer a trust to which they had already been faithless, or that officers hostile to creditors and stockholders must be appointed regardless of such situation. This statute, assuming but not deciding its applicability, should not be construed to deprive a court of equity of jurisdiction to appoint other trustees when those designated by the statute refuse to act or are disqualified to act. The purpose of the statute was to administer a trust and not to thwart the liquidation of a dissolving corporation. If the statutes of Missouri be construed to recognize the Superintendent of Insurance as the party to be appointed trustee, still the allegations of the petition show that he declined to act and consented to the exercise by the court of its equitable jurisdiction to appoint a trustee in his place. Whether properly or not, he apparently concluded that no public interest made it necessary or appropriate that he administer the remaining assets of the corporation, and that was sufficient to warrant the circuit court to act.

It is not essential to decide whether the allegation that the Superintendent of Insurance consented to the appointment of plaintiff includes or is the equivalent of an allegation that he refused or declined to act as trustee. The officer is presumed to have done his duty, and whether the court committed error in the exercise of its powers is not before us. Manifestly, the Superintendent of Insurance is concluded by the proceedings in the state court. This is a collateral attack, and, to prevail, defendant must show that the judgment is void for want of jurisdiction. Grant v. Leach & Co., 280 U.S. 351, 50 S.Ct. 107, 74 L.Ed. 470; Seaman v. Northwestern Mutual Life Ins. Co. (C.C.A.8) 86 F. 493; Lydick v. Neville (C.C.A.8) 287 F. 479; Zechiel v. Firemen's Fund Ins. Co. (C.C. A.7) 61 F.(2d) 27; Lee v. Edmunds (C.C. A.5) 66 F.(2d) 122.

While it is true that a statutory receiver or public officer cannot, even with the approval of a court, delegate his powers or duties, or surrender assets which the law compels him to administer, still, according to the allegations of the petition in this case, the court approved his so doing, and those duties which he assumed by virtue of his office—those in which there was a public interest—must be considered as having been discharged by him when the reinsurance was effected. From that time on, as has already been observed, the question of liquidation was of no greater public concern than in the case of an ordinary business corporation; in fact, section 5731 (Mo.St.Ann. § 5731, p. 4371) provides that, after reinsurance is effected, the commission may make such order with reference to disposition of the surplus assets as may be just and equitable. This order might well include the turning over of the assets to a chancery court receiver, or a trustee, for distribution to creditors and stockholders, and in support of the judgment of the state court we might presume that that has been done.

As between plaintiff and the Superintendent of Insurance, the judgment of the state court must be held to be a final binding adjudication, and it must also be so held between plaintiff and the corporation, its directors and officers. None of them (except upon direct attack) could be heard to question the appointment of plaintiff as trustee because they appeared and consented to the judgment. Who, then, is there to complain? Defendant does not appear to have any interest in the trust property. Its only interest is that of a defendant sued by a successor in interest of the corporation. It is a matter of indifference to it who is plaintiff so long as it shall not be subjected to more than one action upon the obligation, and the judgment entered shall be conclusive if another action be brought thereon. Defendant can avail itself of whatever defenses or counterclaims it may have against the Western States Life Assurance Corporation. It is fully protected against further liability on

the same cause of action, and hence it cannot object on the ground that plaintiff is not the real party in interest. Seaman v. Northwestern Mut. Life Ins. Co. (C.C.A. 8) 86 F. 493; Chouteau v. Boughton, 100 Mo. 406, 13 S.W. 877; Lentz v. Oregon Growers' Co-Op. Ass'n, 116 Or. 683, 242 P. 826; Trotter v. Mutual Reserve Fund Life Ass'n, 9 S.D. 596, 70 N.W. 843, 62 Am.St.Rep. 887; Seybold v. Grand Forks Nat. Bank, 5 N.D. 460, 67 N.W. 682; Los Robles Co. v. Stoneman, 146 Cal. 203, 79 P. 880; Elmquist v. Markoe, 45 Minn. 305, 47 N.W. 970.

Those in whom defendant claims the cause of action exists cannot be heard to contend that the trustee was not properly appointed or that a judgment for or against him in this action would not conclude them. It results from this view that defendant cannot prevail in this collateral attack. All the parties in interest appeared before the court, and regardless of the nature of the proceedings, the fact of a want of trustees to administer the trust was brought to the attention of the state court. That it might have adopted some other procedure to fill the vacancy is not material because the court, under the circumstances, had jurisdiction to act. Rothenberger v. Garrett, 224 Mo. 191, 123 S.W. 574; Bredell v. Kerr, 242 Mo. 317, 147 S. W. 105; Seaman v. Northwestern Mutual Life Ins. Co. (C.C.A.8) 86 F. 493.

The case of State ex rel. v. Hall, 330 Mo. 1107, 52 S.W.(2d) 174, is not, we conclude on more mature consideration, applicable to the issue here presented. In that case it was clear that the public policy of the state required the Superintendent of Insurance to take jurisdiction. The application was for the appointment of operating receivers to take charge of the affairs and assets of an insurance corporation which the Supreme Court held was solvent. The Superintendent resisted the application and contended that he had the exclusive right of administration. The corporation was a going concern. In such case, and in any case where an insurance corporation, whether solvent or insolvent, whether actually operating or not, where the interests of the policyholders require it, the Superintendent of Insurance could manifestly take possession and control of the assets, and in general it may be said that neither he nor a court could delegate to another the duty which the statutes of Missouri cast upon him in liquidating and administering the assets and affairs of the insurance corporation. In this case, under the peculiar and unusual circumstances here disclosed, it cannot be said that the circuit court of St. Louis, Mo., did not have jurisdiction to appoint a trustee to liquidate the remaining assets of the corporation. Being of the view that the court had jurisdiction to exercise its general equitable powers, we conclude that its judgment is not open to collateral attack.

The judgment appealed from is therefore reversed, and the cause remanded for further proceedings consistent with this opinion.