. EMERY, *Adm'r*, v. CLOUGH.

### SAME *v.* SAME.

The title to a gift *causa mortis* passes by the delivery, defeasible only in the life-time of the donor.

The validity of such a gift is to be determined by the law of the place where it was made, without reference to the domicile of the donor.

BILL IN EQUITY, under Gen. Laws, *c.* 209, *s.* 2, for discovery, and the restoration of a municipal bond for $1,000, alleged to belong to the estate of William Emery, the plaintiff's intestate, unlawfully withheld by the defendant; also a suit at law to recover $280 of money claimed to be in the hands of the defendant belonging to the estate. Facts found by the court.

The legal domicile of said William Emery during his whole life was at Loudon, in this state. May 21, 1882, being very sick while temporarily at Montpelier, Vt., he delivered to the defendant as a *donatio causa mortis*, the bond · in question, and six days after-

wards also delivered to her, as like gifts to several persons resid-
ing in Loudon, the sum of $280, to be by her distributed to the
parties by him designated, after his death.   No one was present
when the bond and money were delivered by William to the de-
fendant, and the defendant offers no evidence to prove the same,
except her own testimony, and a memorandum signed by William
but not witnessed.   The plaintiff objected to the evidence offered
as incompetent and insufficient. ˙ The memorandum may be re-
ferred to in argument.   No attempt has been made by the defend-
ant or any one else to prove the above gifts, according to the
requirements of Gen. Laws, *c.* 193, *s.* 17.

*Chase & Streeter*, for the plaintiff.

*W. L. Foster* and *S. C. Eastman*, for the defendant.

SMITH, J.   It is contended on the part of the defendant that
the transaction in Vermont, whereby the defendant became pos-
sessed of the bond, was a *donatio causa mortis*, valid as an executed
contract under the laws of Vermont, and therefore valid here.
The plaintiff contends that the transaction was in the nature of a
testamentary disposition of property, and if valid in Vermont as a
*donatio causa mortis*, it is not valid in this state because it was not
proved by the testimony of two indifferent witnesses upon petition
by the donee to the probate court to establish the gift, filed within
sixty days after the decease of the donor.   G. L., *c.* 193, *s.* 17.
The domicile of the parties at the time of the delivery of the bond
to the defendant, and ever afterwards, to the death of the donor,
being in this estate, it is claimed that the neglect of the defendant
to establish the gift in the probate court is fatal to her right to
retain the bond.   Every requisite to constitute a valid gift *causa
mortis* under the laws of Vermont, where the parties were tempo-
rarily residing at the time of the delivery of the bond, was com-
plied with.   *Holley* v. *Adams*, 16 Vt. 206; *Caldwell* v. *Renfrew*,
33 Vt. 213; *French* v. *Raymond*, 39 Vt. 623.   Every requisite,
also, to constitute such a gift under the laws of New Hampshire
was complied with except the *post mortem* proceedings required by
our statute.   The question therefore is, whether the *lex loci* or the
*lex domicilii* governs; and the answer to this question depends
upon the legal character and effect of such gifts.

A gift *causa mortis* is often spoken of in the books as a testa-
mentary disposition of property, or as being in the nature of a leg-
acy.   *Jones* v. *Brown*, 34 N. H. 439; 1 Wms. Ex'rs, 686, *n.* 1.
And such was the doctrine of the civil law.   2 Kent Com. 444, and
authorities cited in note *b*.   Such gifts are always made upon con-
dition that they shall be revocable during the life-time of the donor,
and that they shall revest in case he shall survive the donee, or
shall be delivered from the peril of death in which they were made.
The condition need not be expressed, as it is always implied when

the gift is made in the extremity of sickness, or in contemplation of death.   It is sometimes, perhaps generally, said in the English cases that a gift *causa mortis* does not vest before the donor's death; but in *Nicholas* v. *Adams*, 2 Whart. (Pa.) 17, *Gibson*, C. J., considered this to be inaccurate, holding that this gift, like every other, is not executory, but executed in the first instance by delivery of the thing, though defeasible by reclamation, the contingency of survivorship, deliverance from peril, or from some other act inconsistent with the gift, and indicating the donor's purpose to resume the possession of the gift.   1 Wms. Ex'rs 686, *n.* 1; *Marshall* v. *Berry*, 13 Allen 43, 46.

A gift *causa mortis* resembles a testamentary disposition of property in this,—that it is made in contemplation of death, and is revocable during the life of the donor.   It is not, however, a testament, but in its essential characteristics is, what its name indicates, a gift.   Actual delivery by the donor in his life-time is necessary to its validity, or if the nature of the property is such that it is not susceptible of corporeal delivery, the means of obtaining possession of it must be delivered.   The donee's possession must continue during the life of the donor, for recovery of possession by the latter is a revocation of the gift.   But in case of a legacy, the possession remains with the testator until his decease.   The title to a gift *causa mortis* passes by the delivery, defeasible only in the lifetime of the donor, and his death perfects the title in the donee by terminating the donor's right or power of defeasance.   The property passes from the donor to the donee directly, and not through the executor or administrator, and after his death it is liable to be divested only in favor of the donor's creditors.   In this respect it stands the same as a gift *inter vivos.*   It is defeasible in favor of creditors,. not because it is testamentary, but because, as against creditors, one cannot give away his property.   A gift *causa mortis* is not subject to probate, nor to contribution with legacies in case the assets are insufficient, nor to any of the incidents of administration.   It is not revocable by will, for, as a will does not operate until the decease of the testator, and the donor, at his decease, is divested of his property in the subject of the gift, no right or title in it passes to his representatives.   The donee takes the gift, not from the administrator, but against him, and no act or assent on the part of the administrator is necessary to perfect the title of the donee.   *Cutting* v. *Gilman*, 41 N. H. 147, 151; *Marshall* v. *Berry*, *supra ; Doty* v. *Willson*, 47 N. Y. 580, 585; *Dole* v. *Lincoln*, 31 Me. 422; *Chase* v. *Redding*, 13 Gray 418; *Basket* v. *Hassell*, 107 U. S. 602; 1 Wms. Ex'rs 686, *n.* 1.   A valid gift *inter vivos* may be made on similar terms.   *Worth* v. *Case*, 42 N. Y. 362; *Dean* v. *Carruth*, 108 Mass. 242; *Warren* v. *Durfee*, 126 Mass. 338.

A gift *causa mortis* in some respects may be said to resemble a contract, the mutual consent and concurrent will of both parties being necessary to the validity of the transfer.   2 Kent Com. 437,

438; 1 Pars. Cont. 234. Contracts are commonly understood to mean engagements resulting from negotiation. 2 Kent. Com. 437. And in *Peirce* v. *Burroughs*, 58 N. H. 302, it was held that the assent of both parties is as necessary to a gift as to a contract.

Prior to the passage of *c.* 106, Laws of 1883, the law required a will to be executed according to the law of the testator's domicile at the time of his death. *Saunders* v. *Williams*, 5 N. H. 213; *Heydock's Appeal*, 7 N. H. 496. The distribution of the estate of a deceased person among the heirs or legatees is to be made according to the law of the domicile of the testator or intestate at the time of his death. *Leach* v. *Pillsbury*, 15 N. H. 137. But the plaintiff's intestate did not die possessed of the bond in suit. It did not vest in his administrator, and is not assets of his estate. The defeasible title which vested in the defendant at the time of the delivery was not defeated by the donor in his life-time, and his right and power to defeat it ceased with his death. A gift *causa mortis* is not a testament. If it is a contract, in this case it was executed in Vermont in the life of the plaintiff's intestate. If it is not a contract, as that term is commonly understood, it is a gift which received the assent of both parties, and nothing remained to perfect the conditional title of the defendant before the decease of the donor. The transfer of the bond being, therefore, either an executed contract or a perfected gift in Vermont, and valid under the laws of Vermont, is valid here; and no question arises whether our statute (G. L., *c.* 193, *s.* 17) affects the contract or the remedy. That section applies to gifts made in this state.

As to the sum of $280, the money was delivered to the defendant as gifts *causa mortis* to sundry persons then and now residing in this state designated by the donor, to be by the defendant delivered to them after his decease. Delivery to a third person for the donee's use is as effectual as delivery to the donee. *Cutting* v. *Gilman*, 41 N. H. 147, 151, 152, and authorities cited; *Drury* v. *Smith*, 1 P. Wms. 404; *Marshall* v. *Berry*, 13 Allen 43. And there is no suggestion that the gift of the money stands differently from that of the bond.

The question as to mode of proof remains to be considered. In the first case, it has not been shown and it does not appear that injustice will be done by excluding the defendant from testifying. G. L., *c.* 228, *ss.* 13, 16, 17. As that question has not been passed upon at the trial term it is still open, and the ruling of the judge will be subject to exception and revision. The written memorandum on the envelope containing the bond, signed by the plaintiff's intestate and produced by the defendant, reads as follows: "Given to Hannah K. Clough on condition if I regain my health it is to be returned to me in good faith, otherwise the gift is absolute. William Emery." This memorandum is evidence sufficient to establish a gift *causa mortis*. *Curtis* v. *Portland Savings Bank*, 77 Me. 151—*S. C.*, 52 Am. R. 750. It contains a statement of no

more than is always implied when such a gift is made. The donor could not tell whether he should die, or recover from his sickness. If he should recover, the law would hold the gift void. *Grymes* v. *Hone*, 49 N. Y. 17, 21.

In the second case, the defendant is a nominal party. The real defendants are the donees. The facts stated show no reason why she should not be allowed to testify, and injustice might be done if she were excluded. *Drew* v. *McDaniel, Adm'r*, 60 N. H. 480; *Welch* v. *Adams*, 63 N. H. 344, 351.

*Case discharged.*

BINGHAM, J., did not sit: the others concurred.