JOHN D. WATSON, admr. *vs.* LYDIA J. WATSON.

October Term, 1896.

Present: ROSS, C. J., TAFT, TYLER, MUNSON, START and THOMPSON, JJ.

*Gift of Savings Bank Book.*

A valid gift of a savings bank deposit book may be made by delivery alone
without written assignment.

The administrator of the donor is not entitled to the possession of the
book even for the purpose of bringing an action thereon against the
bank, for such an action would be subject to the control of the donor.

TROVER for a savings bank deposit book. Plea, not
guilty. Trial by court at the March Term, 1895, Windham
County, *Rowell*, J., presiding. Judgment, upon the facts
found, for the defendant. The plaintiff excepted.

The intestate died in 1880. Sometime before, she delivered
the book in question to the defendant with directions to
keep it and permit the deposit to remain until the plaintiff,
a son of the intestate, was dead and then to divide the
deposit among her other children. The defendant accepted
and has ever since held the book for that purpose.

On September 6, 1894, the plaintiff was appointed
administrator upon the intestate's estate and before
commencement of this action demanded the book of the
defendant, and the defendant refused to deliver it. The book
was never assigned except by delivery. It contained a
printed copy of a by-law of the bank as follows: "When
any person shall receive either principal or interest his
original deposit book shall be produced that the payment
may be entered therein; but in case of sickness or absence
the money may be paid to the written order of the depositor
accompanied by the said book."

*Waterman, Martin & Hitt* for the plaintiff.

There was no completed gift. *Shurtleff* v. *Frances*, 118

Mass. 154; *Cummings* v. *Bramhall*, 120 Mass. 552; *Phipps* v. *Hope*, 16 Ohio St. 586.

V. S. 4034 provides for the withdrawal of deposits by depositors "or their legal representatives under such regulations as the board of trustees prescribes, printed on the pass book" etc. The book in question contained a requirement of a written assignment in case the book should be presented by any one other than the depositor, or his legal representative. *Gifford* v. *Savings Bank*, 63 Vt. 108. A mere delivery of the book without notice to the bank or the donees conveys no property. The plaintiff is the only person entitled to sue the bank for the deposit. The rights of claimants to the fund can be adjusted afterwards.

The intestate might have recalled the book from the defendant. So may her administrator. A declaration of intention is not a gift. A gift must be irrevocable. *Pope* v. *Savings Bank*, 56 Vt. 284; *Northrop* v. *Hale*, 73 Me. 66; *Dole* v. *Lincoln*, 31 Me. 428; *Taylor* v. *Henry*, 48 Md. 550; II Kent's Com. 438.

*K. Haskins* and *John H. Watson* for the defendant.

That a gift may be made to a third person in trust is well settled. *Williams* v. *Haskins' Est.*, 66 Vt. 378.

Delivery was enough to perfect the gift. *Hackett* v. *Moxley*, 65 Vt. 71; *Ridden* v. *Thrall*, 125 N. Y. 572: 21 Am. St. 758; *Pierce* v. *Savings Bank* and *Turner* v. *Estabrook*, reported together, 129 Mass. 425: 37 Am. Rep. 371; *Hill* v. *Stevenson*, 63 Me. 364: 18 Am. Rep. 231; *Camp's Appeal*, 36 Conn. 88: 4 Am. Rep. 39; *Grover* v. *Grover*, 24 Pick. 261; *Tillinghast* v. *Wheaton*, 8 R. I. 536: 94 Am. Dec. 126; *Wyble* v. *McPheters*, 52 Ind. 393.

THOMPSON, J. The question determinative of this case, is whether or not the delivery of her deposit book by the plaintiff's intestate to the defendant, was a consummated gift of the bank deposit to the defendant in trust as stated in the finding of facts. In savings banks in this State, such

deposit books are issued to the depositors as evidence of the indebtedness of the banks. Withdrawals of deposits are entered in the same books, so that the deposit book always, with the addition of interest, shows the actual state of the accounts between the bank and the depositor, and the entire indebtedness of the bank. The general rule in this country and England, is that the delivery of property which transfers to the donee either the legal or equitable title, is sufficient to effectuate a gift; and hence it has been held that the mere delivery of non-negotiable notes, bonds, mortgages, or certificates of stock, is sufficient to effectuate a gift. The deposit book in the case of a savings bank, answers the same purpose as a certificate of deposit in the case of other banks. In this case, the delivery of the deposit book to the defendant, consummated the gift, and no other formality was necessary to constitute the actual delivery of the bank deposit, and vest the possession and title in the donee. *Grover, Admr.* v. *Grover*, 24 Pick. 261; *Pierce* v. *Savings Bank*, 129 Mass. 425: 37 Am. Rep. 371; *Camp's Appeal*, 36 Conn. 88: 4 Am. Rep. 39; *Hill* v. *Stevenson*, 63 Me. 364: 18 Am. Rep. 231; *Ridden* v. *Thrall*, 125 N. Y. 572: 21 Am. St. Rep. 758; *Tillinghast* v. *Wheaton*, 8 R. I. 536: 94 Am. Dec. 126; *Hackett* v. *Moxley*, 65 Vt. 71.

In case the donor is living, the donee can maintain an action against the savings bank for the deposit, in the name of the donor; if the donor is dead, the action can be brought by the donee in the name of the donor's administrator. *Pierce* v. *Savings Bank*, 129 Mass. 425. In either event the suit would be controlled by the donee and the recovery had for his benefit. Hence the plaintiff's contention that he is entitled to the deposit book to collect the deposit, even though it belongs to the defendant, cannot be maintained.

*Judgment affirmed.*