[S. F. No. 5098. Department One.—March 7, 1910.]

GEORGE W. STOUT, Executor of the will of A. F. Redemeyer, Deceased, Respondent, v. JOHN L. McNAB et al., Respondents, and JOHN A. REDEMEYER, Appellant.

GIFT CAUSA MORTIS—REVOCATION—PLEADING—UNCERTAINTY AS TO INTENT—ABSENCE OF SPECIAL DEMURRER—TRIAL—WAIVER.—In an action by executors of a deceased assignor of a life insurance policy to cancel an assignment alleged to have been intended as a gift *causa mortis* and to have been revoked in his lifetime before the insurance company had consented thereto, where the complaint leaves it uncertain as to whether the intent alleged was that of the deceased or of his attorneys, but no special demurrer to the complaint on that ground was interposed, and the case was tried on the theory that

a gift *causa mortis,* and its revocation were alleged, the uncertainty in the complaint is waived.

ID.—UNDERSTANDING OF DEFENDANTS AS TO INTENT.—Under the circumstances the defendants could not have understood otherwise than that the reference in the complaint was to the intent of the assignor of the policy, and the complaint must be held sufficient in that respect.

ID.—ABSOLUTE FORM OF ASSIGNMENT NOT CONCLUSIVE.—The fact that the assignment attached as an exhibit to the complaint is absolute in form and expressly declares that the assignment is "absolute and unconditional," is not conclusive that it was an irrevocable gift *inter vivos.* A gift in view of death must be as absolute in its terms as far as the donor and donee are concerned as a gift *inter vivos,* and the title must pass to the donee in each case as absolutely as in the other.

ID.—DISTINCTION IN LEGAL EFFECT.—A gift intended as a gift *inter vivos* is irrevocable when made; while a gift *causa mortis,* though the title is absolute at the time of the gift, has a condition established by law that it may be revoked at the will of the donor, and that it is revoked by his recovery.

ID.—FINDINGS OF GIFT CAUSA MORTIS—INTENT OF DONOR—ISSUES.— The findings that the assignment in question was prepared and forwarded to the insurance company with intent on the part of the assignor that it should take effect only in case of his death, and otherwise establishing that it was a gift *causa mortis,* not only cover the issues tendered by the complaint, but also, in effect, cover and negative the issues tendered by the answer that it was intended that it should be absolute, and was prepared, signed, and delivered with that intent.

ID.—FORM OF NEGATION OF ANSWER NOT ESSENTIAL.—It was not necessary to negative the facts in the same language in which they are affirmed in the answer. Under section 1149 of the Civil Code, if the instrument was prepared and delivered with the intent that the gift should take effect only in case of the donor's death, and in contemplation of death, this makes it a gift in view of death and legally revocable, although absolute and unconditional in its terms, and the finding of these facts operates as a negation of the effect of the allegations of the answer, though designed to aver a gift *inter vivos.*

ID.—SUPPORT OF FINDINGS AS TO GIFT CAUSA MORTIS—INTENT TO AVOID EFFECT OF WILL.—Evidence showing the intent of the assignor to avoid a testamentary disposition by making the assignment absolute in terms, is not inconsistent with evidence fully sustaining the findings as to the intention to make a gift *causa mortis.*

ID.—ASSENT OF INSURANCE COMPANY TO TRANSFER IMMATERIAL.—The assignment of the policy being intended as a gift *causa mortis,* might have been revoked even if legally assented to in writing by the insurance company; and it is immaterial to consider whether the assignment is good as between the assignor and assignee as an equitable assignment, though the company did not assent thereto.

ID.—EVIDENCE OF REVOCATION AFTER DELIVERY — DECLARATIONS AND
    TELEGRAMS—ABSENCE OF ASSIGNEE.—In order to show revocation of
    the assignment, after delivery to the assignee, evidence was properly
    admitted to show conversations, in his absence, between the assignor
    and his attorneys directing its recall, and stating that he had changed
    his mind, and also to prove telegrams sent by the assignor to the
    insurance company directing them to return the assignment.     The
    fact of delivery to the assignee does not render such evidence of
    revocation inadmissible or prejudicial.

APPEAL from a judgment of the Superior Court of Men-
docino County and from an order denying a new trial.  J. Q.
White, Judge.

The facts are stated in the opinion of the court.

Charles W. Slack, and Weldon & Held, for Appellant.

Jesse W. Lilienthal, Mannon & Mannon, and Robert Dun-
can, for Executor etc., Respondent.

Thomas, Pemberton & Thomas, for McNab & Hirsch, Re-
spondents.

SHAW, J.—The defendant John A. Redemeyer appeals
from a judgment against him and from an order denying his
motion for a new trial.

A. F. Redemeyer died on January 31, 1904, leaving surviv-
ing three sons, two daughters, and one grandchild, the daughter
of a deceased daughter, as his heirs at law, John A. Redemeyer
being one of the sons.  In his lifetime the Union Mutual Life
Insurance Company issued to him a policy of insurance on
his life, which policy was in full force at his death.  The
plaintiff, as the executor of his estate, brings this action against
the defendants to compel them to deliver up for cancellation
a certain purported assignment of said insurance policy to the
defendant John A. Redemeyer, dated December 24, 1903, and
assigned by the deceased, and to have a decree canceling said
assignment and declaring it void.  Defendants McNab and
Hirsch answered disclaiming any interest in the policy and in
the proceeds thereof.

The complaint alleged that the assignment was made by the
deceased during his last illness, while he was extremely ill, in

pursuance of a desire to divide his property among his heirs by gift to them before his death, that he signed it and delivered it to the defendants, McNab and Hirsch, with directions to forward it to the insurance company to obtain its written consent to said assignment of the policy, that it was so forwarded, but before any consent was given the deceased changed his intention and resolved to give John other property instead and had the said assignment returned to McNab and Hirsch, who were acting as his attorneys and advisers in the matter, and that it was never delivered to John A. Redemeyer, or to any person for him, but that John has asserted a claim to the policy and the proceeds thereof under said assignment, and that McNab and Hirsch, after the death of the deceased, gave notice to the company that they claimed the proceeds of the policy for John A. Redemeyer, as assignee. It is also alleged that the deceased retained possession of the policy during his life, and that he made, signed, and delivered the assignment to McNab and Hirsch with directions as aforesaid, without consideration, and with the intent to make a gift of the policy to take effect only in case of his death. The policy, which is made an exhibit to the complaint, contains a provision that any assignment thereof shall be void, unless assented to in writing by the company.

The appellant claims that the complaint does not show a gift of the policy *causa mortis*. This claim is based in part on the circumstance that the allegation that the deceased intended the gift to take effect only in case of his death, occurs in such grammatical connection, in the sentence containing it, that it is not a statement of the intent of the deceased, Redemeyer, but a statement that McNab and Hirsch had that intent. The case was tried on the theory that a gift in view of death was alleged in the complaint. The aforesaid allegation was not inserted in the complaint until the close of the trial. The defendants' counsel during the trial repeatedly objected to evidence tending to prove a gift in view of death, on the ground that such gift was not alleged. These objections were overruled, obviously because the court believed the complaint sufficient in that respect. At the close of the trial, by leave of court, and with the avowed purpose of making the complaint conform to the proofs and to the theory on which the case was tried, the allegation aforesaid was inserted as an amend-

ment to the complaint. The place where it was interpolated leaves it uncertain as to whose intent is alleged. But no demurrer for uncertainty was filed, or offered for filing, and no objection was then made on that ground. Under the circumstances the defendants could not have understood otherwise than that the reference was to the intent of A. F. Redemeyer, and we hold the complaint sufficient in that respect. The only other reason advanced in support of the proposition that a gift in view of death is not averred in the complaint is that the written assignment in question, which is made a part of it, expressly declares that the assignment is "absolute and unconditional." This it is argued conclusively shows that the gift was not made in view of death but was a gift, *inter vivos,* and irrevocable. This point is not sustainable. A gift in view of death must be as absolute in its terms, so far as the donor and donee are concerned, as a gift *inter vivos.* The difference between them is that the one is revocable by the giver and the other is not. A gift in view of death may be revoked at any time by the giver, and it is revoked by law upon his recovery from the illness, or escape from the peril, under the presence of which it was made. (Civ. Code, sec. 1151.) Gifts of any other kind cannot be revoked by the giver. (Civ. Code, sec. 1148.) But the form of a gift in view of death is as absolute and unconditional as a gift *inter vivos.* The title must pass to the donee at the time the gift is made and the donor must part absolutely with all control and with the title, subject only to the condition imposed by law that it may be revoked, in which case the title is regained by the giver. (*Daniel* v. *Smith,* 64 Cal. 349, [30 Pac. 575].) "The law requires a gift *causa mortis* to be absolute at the time it is given, but adds to it the condition that it may be revoked at the will of the donor, and that it is revoked by his recovery; but if by the terms of the gift it is not to take effect until after the death of the donor, the disposal is testamentary and not a gift." (*Hart* v. *Ketchum,* 121 Cal. 429, [53 Pac. 932].) The insertion of the words "absolute and unconditional" in the assignment did not necessarily have the effect of depriving it of the character of a gift in view of death. It received that character from the circumstances under which it was made and the intent of the giver, and not from the terms of the gift or of the instrument by which it was effected. The above words, at most, would

be merely evidence on the subject and they would not be conclusive.

The court found that the assignment in question was prepared and given to the attorneys to be forwarded to the company for its consent "with the intent on the part of the said A. F. Redemeyer that it should take effect only in case of his death." Other findings of fact to show a gift *causa mortis* were also made. The contention that these findings are outside of the issues is based on the aforesaid objections to the complaint, and as they have been shown not to be well founded, it is unnecessary to say anything in regard to the findings except that they follow the allegations of the amended complaint as we understand it, and as we believe it must have been understood by the parties.

The point is made that the findings do not cover the issues tendered by the answer of the appellant, which alleged that it was the intention of the deceased that the assignment of the policy to John should be absolute, and that it was prepared, signed, and delivered with that intent on his part. These allegations are covered, in effect, by the findings last mentioned. It was not necessary to negative the facts in the same language in which they are affirmed in the answer. Under section 1149 of the Civil Code, if the instrument was prepared and delivered with the intent that the gift should take effect only in case of the donor's death and in contemplation of death, this makes it a gift in view of death and legally revocable, although absolute and unconditional in terms, and the finding of these facts operates as a negation of the effect of the allegations of the answer, if, as contended, those allegations were designed to aver a gift *inter vivos.*

We think the evidence was sufficient to sustain the findings as to the intention to make a gift *causa mortis.* The deceased at first mentioned a wish to insert in the assignment certain conditions which would have made the instrument void as an attempt to make a testamentary disposition of his property without executing a will, and he was advised that if he desired to make a gift of the policy it must be absolute in terms and that there must be a delivery. This would be equally true, whether the gift was to be one in view of death, or *inter vivos.* He then assented to the view that it must be absolute in its terms and it was prepared accordingly. This testimony is not

inconsistent with the fact that the gift was intended to be a gift in view of death. The other evidence fully sustains the findings on the subject of a gift *causa mortis.*

Inasmuch as we hold that the assignment could have been revoked, as a gift in view of death, even if the same had been assented to in writing by the company, we do not consider it necessary to discuss or decide the point presented by the appellant that the assignment was good between the assignee and assignor, as an equitable transfer, although the company never did consent thereto.

Over the objections of the appellant, evidence was admitted of conversations between the deceased and his attorneys, in the absence of John, and after the assignment had been delivered to John and forwarded to the company for its consent, in which the deceased directed its recall and declared that he had changed his mind about giving the policy to John. Evidence was also admitted of the sending of telegrams to the company directing it to return the assignment, this being done without John's knowledge or consent. There was no error in this ruling. If, as was claimed and found, the gift was a gift in view of death, it was revocable, and evidence of the steps taken by the donor towards such revocation was necessary to establish the plaintiff's contention that there had been a revocation. The evidence was not admissible to affect the validity of the instrument, but to prove a revocation of the gift made, or intended to be made, thereby.

It is proper to say that the case really shown by the complaint is that of an intended gift in view of death, which was not completely executed because, according to the allegations, there was no delivery of the assignment, and a revocation of the intended gift while the attempt to make it was in progress and before it was completed by delivery. The finding that there was a delivery shows that the gift was complete, in point of fact, assuming that the company's consent was not necessary, but this does not deprive it of the character of a gift *causa mortis,* nor render the evidence of a revocation inadmissible or prejudicial. We find no ground upon which the judgment or order denying a new trial can be held erroneous.

The judgment and order are affirmed.

Sloss, J., and Angellotti, J., concurred.