## In the Matter of the Estate of RITA BORCHARDT, Deceased.

Surrogate's Court, Kings County, December 1, 1942.

*Harry P. Solomon* for Philip Spondre, as administrator, petitioner.

*Louis Dubow* for respondent.

McGarey, S. This proceeding was instituted pursuant to section 205 of the Surrogate's Court Act. The respondent appeared and filed an answer by which title to the assets sought to be recovered was asserted under a gift *causa mortis.* Upon the trial, all of the essential elements of a valid gift *causa mortis* were established to the complete satisfaction of the court. Decision was reserved, however, upon the question of whether certain United States Savings Bonds may be the subject of a gift *causa mortis.*

This question has heretofore been considered in relation to somewhat similar obligations of the Federal Government which had been issued by Departments thereof, pursuant to Congressional authority, and determined in the negative. In *Matter of Ballard* (161 Misc. 785), claim to two veterans' adjusted service bonds was dismissed on the ground that they could not be validly given *causa mortis.* The bonds had been issued to and registered in the name of the decedent, and stated upon their face that they were nontransferable, nonassignable, and not subject to attachment, levy or seizure under any legal or equitable process, and that they were payable only to the registered owner, or in case of death or incompetence to the representative of his estate. Surrogate Foley acknowledged the right of Congress to prescribe conditions prohibiting assignment or transfer of ownership, and attributed the adoption of such restrictions to protection of the veteran as a matter of public policy.

In *Matter of Bakos* (163 Misc. 940, affd., 262 App. Div. 801), the same result was reached as to postal savings certificates. Surrogate Hart relied upon the case of *Warren v. United States* (68 Ct. Cl. 634, certiorari denied, 281 U. S. 739) as decisive of the question.

The *Warren* case is one of a line of cases which have dealt with the question of whether the rules and regulations of departments of the Federal government prescribing the conditions and manner of payment of obligations of the United States, issued by such departments and which have been promulgated pursuant to express authority conferred upon them by Congress, conflict with the laws of the several States concerning the devolution of property by will or inheritance upon the death of the owner, where the rights of designated beneficiaries or co-owners are involved.

The rules and regulations of the Treasury Department for payment or reissuance of savings bonds upon the death of the registered owner are contained in section 315.49 of Department Circular No. 530, Fifth Revision, dated June 1, 1942. Under subdivision (a), in the course of administration payment will be made to the representative of the estate or at his request and upon his certification to the persons entitled to share in the estate and to the extent specified for each. Under subdivision (b), after settlement through court proceedings the bond will be paid or reissued to the persons entitled thereto as determined by the Court. Subdivision (c) provides for payment without administration and is not here applicable.

It is apparent from the foregoing summary of the pertinent regulations that full recognition is accorded to local laws of testamentary or intestate devolution of property. Gifts *causa mortis* are said to be an exception to the Statute of Wills but they have long been acknowledged by the common law of this State and many others to be a valid means of transferring title to personal property effective upon the death of the owner. There is nothing contained in the aforestated regulations which expresses or implies a prohibition against gift of the savings bonds *causa mortis*.

Where the subject of a gift *causa mortis* is a chose in action, nonnegotiable and nontransferable by its express terms [see section 315.8 of Circular No. 530], aid of the court must be sought in enforcing the rights of the donee. The title of the donee becomes absolute at the donor's death only, when by relation it is deemed to take effect from the time of delivery. (*Williams* v. *Guile*, 117 N. Y. 343, 345.) Since the rights of the donee are not complete until the death of the donor, it may be said that the former takes from the donor and against the latter's legal representative. The early cases treat the representative of the donor as trustee for the donee by operation of law and even compel the representative of the donor to allow the donee to sue in his name, to make the gift effectual. (*Grymes* v. *Hone*, 49 N. Y. 17, 22 and cases cited therein.) Moreover, the Surrogate has power under section 40 of the Surrogate's Court Act to direct and control the conduct of a fiduciary appointed by him. The court, having determined the rights of the parties to this proceeding to the bonds, may extend its aid to the donee and compel the fiduciary to make good the gift by use of his name in its collection.

It is accordingly determined that United States Savings Bonds (the United States obligations here in question), may be the subject of a gift *causa mortis*.

Submit decree on notice in accordance herewith.