[Civ. No. 14800. Second Dist., Div. Two. July 10, 1945.]

LILLIAN A. TETZE, Appellant, v. JOAN TETZE, Individually and as Administratrix With the Will Annexed, etc., Respondent.

William C. Ring for Appellant.

Musgrove and Cannan for Respondent.

McCOMB, J.—From a judgment in favor of defendants after trial before the court without jury, in an action to quiet title to personal property, plaintiff appeals.

The evidence being viewed in the light most favorable to defendants (respondents), and pursuant to the rules set forth in *Estate of Isenberg,* 63 Cal.App.2d 214, 216 et seq. [146 P.2d 424], the essential facts are:

Plaintiff was the mother and defendant Joan Tetze (hereinafter referred to as defendant) was the wife of Alexander Tetze, who died on March 23, 1942. In October or November of 1936, plaintiff gave to her son and defendant certain household furniture described in count one of the complaint. Plaintiff asserts ownership to these movables and alleges a loan thereof to decedent.

In May, 1927, Mr. Tetze purchased a service station described in count two of the complaint. Decedent never parted with title to such property but in May, 1927, he gave plaintiff a bill of sale covering the service station above-mentioned telling plaintiff to put the paper away among her "private papers" and stated to her, "If anything happens to me this station will be yours."

July 29, 1934, Mr. Tetze married defendant.

In 1941, Mr. Tetze placed a chattel mortgage on the service station, which mortgage was signed by defendant. Plaintiff did not at any time have possession of the service station, nor did defendant know until her husband's death that he had given plaintiff a bill of sale to the service station. The service station was operated at all times from the time defendant married Mr. Tetze until his death as the property of Mr. Tetze.

Defendant is the administratrix of the estate of her deceased husband and the sole devisee under his will.

Plaintiff relies for reversal of the judgment on three propositions which will be stated and answered hereunder seriatim:

First: *There is not any substantial evidence to sustain the trial court's findings that (a) defendant is the owner and entitled to the possession of the personal property described in count one of the complaint; (b) plaintiff is not the owner of the service station described in count two of the complaint; and (c) defendant is the owner of the service station described in count two of the complaint.*

This proposition is untenable.

■ (a) The property described in count one of the complaint consisted of furniture which defendant testified* plaintiff had given to her and her husband as a wedding gift. This testimony, though in conflict with other testimony, under the rules stated in *Estate of Isenberg, supra,* constituted substantial evidence to sustain the trial court's finding that the furniture described in count one belonged to defendant.

■ (b & c) The evidence discloses that in May, 1927, Mr. Tetze purchased the service station described in count two of the complaint and that in July, 1934, he married defendant. Plaintiff testified that in May, 1927, Mr. Tetze gave her a bill of sale to the service station described in count two of the complaint. She also gave testimony relative to the bill of sale in response to questions of counsel as follows:

---

*The defendant, Joan Tetze, testified in part as follows:

"The Witness: The furniture was in storage and had been in storage for some time. My husband had been paying the storage bill, and his mother finally said that there wasn't any sense in paying the storage bill; and seeing that she hadn't given us a wedding present, she might as well do that, because she knew it had cost us quite a sum to build the house in the first place, and we had a heavy mortgage that we had to pay off on the home, and she said she thought it was a very fine idea that she do something to help us have a start; and said it was much too heavy, and she was ill, and she could never take care of that furniture again, and if it was in storage, we might as well take it as a wedding present.

"Q. By Mr. Ring: What storage house was it in? A. I wouldn't be able to say. I could find out. I believe Bekins. I think that Mrs. Tetze, the plaintiff, could tell you, though.

"Q. How soon after that did you receive the furniture? A. How soon after what?

"Q. How soon after this conversation that you are referring to did you receive the furniture? A. Well, the conversation occurred during the time we were building the house, towards the close of building the house—when I began to talk about what we were going to use to sit on—besides the floor.

"Q. And then when your house was completed, why, you moved the furniture in? A. That's right.

"Q. Was there anybody else present besides you and the plaintiff when this conversation took place? A. I believe not.

"Q. Her son was not there? A. Oh, yes, he was there; but he is not a witness here.

"Q. You did not give her any payment or any money or anything of that sort at the time? A. No.

"Q. Nor transfer any other property to her at that time? A. No, sir.

"The Court: Did she ever ask you to give it back to her? A. No, she never did. She took some pieces back when she moved finally; she was living in a furnished apartment for a time. Finally she got so she couldn't stand the furniture in the furnished apartment and she decided she wanted to have her own furniture again; and at that time she bought new furniture which my husband paid for, and she also took a few pieces of what was originally sent up to the home that we had built."

"Q. And when he came over to the house and gave you this paper, and you put it away among your private papers—— A. Yes.

"Q. At that time he stated to you, '*If anything happens to me this station will be yours?* A. He did." (Italics added.)

The evidence also discloses that plaintiff was never in possession of the service station and that during Mr. Tetze's lifetime he at all times remained in possession of the service station and acted and conducted himself as if he were the sole and exclusive owner of it.

The foregoing testimony supports the implied finding of the trial judge that the bill of sale was intended as a gift *causa mortis* which the donor did not intend to take effect until after his death. Hence, since the law is established in California that a gift *causa mortis* must be absolute and intended by the donor to take effect immediately, the transaction under discussion was not a valid gift *causa mortis* and was ineffective. (*Stout* v. *McNab,* 157 Cal. 356, 360 [107 P. 1005]; *Knight* v. *Tripp,* 121 Cal. 674, 678 [54 P. 267]; *Hart* v. *Ketchum,* 121 Cal. 426, 429 [53 P. 931]; *Mutual Benefit Life Insurance Co.* v. *Clark,* 81 Cal.App. 546, 550 et seq. [254 P. 306].)

 Therefore since the bill of sale to plaintiff was inoperative as a gift *causa mortis* and decedent remained the owner of the property until his death, which property he willed to defendant, the trial court's findings under paragraph (b & c) above were fully supported by substantial evidence.

Second: *The trial court committed prejudicial error in its rulings upon objections to evidence.*

This proposition is likewise untenable.

 (1) The trial court excluded evidence tending to show that decedent had purchased stations other than the one described in the complaint. This ruling was correct since it had no bearing upon any issue pending before the court.

 (2) The trial court excluded evidence relative to whether or not any of defendant's money was invested in the service station. This ruling was correct since it was immaterial whether decedent's money or money of his wife was invested in the station.

 Third: *The trial court was biased and prejudiced and therefore did not afford plaintiff a fair trial.*

This proposition is also untenable. Plaintiff has not directed our attention to any remark or conduct of the trial judge, nor does the record disclose any, which shows bias and prejudice against plaintiff.

In view of our conclusions it is unnecessary to discuss other propositions urged by counsel.

For the foregoing reasons the judgment is affirmed.

Moore, P. J., and Wood (W. J.), J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied August 30, 1945. Edmonds, J., voted for a hearing.