**WILKINS v. WOODRUFF.**

**No. 916.**

Municipal Court of Appeals for the District of Columbia.

Argued May 8, 1950.

Decided June 1, 1950.

60

Otho D. Branson, Washington, D. C., for appellant.

Charles H. Burton, Washington, D. C., for appellee.

Before CAYTON, Chief Judge, and HOOD and CLAGETT, Associate Judges.

CLAGETT, Associate Judge.

This appeal concerns the proceeds of a savings account currently held by defendant, Administrator of the Estate of Elizabeth W. Wilkins, as an asset of that estate. A judgment having been rendered against the administrator on the verdict of a jury, he now brings this appeal. Appellee has moved to dismiss the appeal. We reserved action on this motion until argument on the merits.

In violation of rule 21(f) of this court, no reporter's transcript, statement of proceedings and evidence, or agreed statement on appeal has been included in the record.[1] The only facts, therefore, before us are those set forth in the pleadings.

It was alleged in the complaint that the defendant, who was identified only as the administrator of the estate of Elizabeth W. Wilkins, on November 10, 1947, withdrew as an asset of the said estate the total balance of the savings account, that is, $1,277.69, deposited with a bank; also that the proceeds of the account were the property of plaintiff and that demands for the return of said proceeds had been repeatedly made on defendant. In the answer it was denied that the money was the property of the plaintiff, but of the estate of Elizabeth W. Wilkins. It was further stated "That the plaintiff, Lucy P. Woodruff, has no claim therein save as heir at law and next of kin and is entitled to a distributable share of the estate, if the said estate be sufficient to pay all the debts and just claims."

Appellee's motion to dismiss the appeal is on the ground that, by reason of appellant's failure to file a statement of proceedings and evidence, the record is devoid of facts necessary for the determination of the assignments of error presented. Where the parties are properly before the court, the pleadings state a cause of action, and the trial court's judgment conforms to the pleadings, it must be assumed, in the absence of a statement of proceedings and evidence, that the evidence presented was sufficient to support the verdict and judgment.[2]

1. Rule 21 prescribes the contents of the record on appeal. Rule 27(g) provides that the statement of proceedings and evidence, or reporter's transcript, or agreed statement on appeal shall be filed and submitted to the trial judge within ten days from the date of filing notice of appeal. Most appeals come to this court on a statement of proceedings and evidence because such method avoids the cost of a reporter's transcript. In the present case appellant's designation of record did not include the proceedings of the trial in any form. Furthermore, appellant has never submitted to the trial court a statement of proceedings and evidence. On March 27, 1950, long after time had expired, appellant filed in this court a request to file a reporter's transcript. This motion was objected to by appellee, in part upon the ground of needless expense, and we refused such request. (Assuming appellee is a child of decedent, any expense of administration would in part come out of her distributive share of the estate.)

2. Moncure v. Curry, D.C.Mun.App., 42 A. 2d 143. Cf. Witt v. Witt, D.C.Cir., 182 F.2d 250; Hooper v. Smith, D.C.Mun. App., 72 A.2d 466.

■ The record, as represented by the pleadings, discloses no facts to which we may refer as a basis for a determination of the issues raised. Specifically, the two errors assigned by the appellant are: (1) that the trial court erred in failing to grant a judgment n.o.v. because a wife can not defeat the distributive share of the surviving husband by making a gift *causa mortis*, and (2) that the court further erred in failing to set aside the verdict as fraud to defeat the statutory rights of the surviving husband of the decedent. For this court to approach even a starting point in the consideration of these arguments, we must find as a fact that the deceased was married, is survived by a husband, and that the deceased at one time held title to the bank account in question. None of these facts are set forth in the record.

■ Even if we assume that plaintiff was the daughter and defendant the husband of decedent, that the bank account was the subject of a gift *causa mortis* to the daughter, and that the bank book representing the account continued to be held by plaintiff but that the fund was obtained from the bank by defendant after death by representing that the bank book had been lost, we would still be without any basis for reversing the judgment. Defendant depends upon the provision of Code 1940, 18—703, providing that if there be a widow or surviving husband and a child or children, or a descendant or descendants from a child, the widow or surviving husband shall have one-third only. He also depends upon decisions in a few states to the effect that a gift *causa mortis* is subject to a condition precedent (the death of the donor.) The United States Supreme Court and numerous state courts have held in cases involving a gift *causa mortis* that title to the property passes at the time of delivery, subject to a condition subsequent that the grantor may revoke the transfer if he lives and that it can not therefore be considered as property the grantor dies possessed of.[3]

We find it unnecessary to pass upon this point, even in the abstract, because there is no evidence before us of the amount of the total estate of decedent, and therefore we are unable to say that the husband would be deprived of one-third of the whole by reason of the alleged gift *causa mortis*.[4]

Appeal dismissed.

**3.** Basket v. Hassell, 107 U.S. 602, 2 S.Ct. 415, 27 L.Ed. 500; Emery v. Clough, 63 N.H. 552, 4 A. 796, 56 Am.Rep. 543; Cannon v. Williams, 194 Ga. 808, 22 S.E. 2d 838, citing numerous old cases; Deneff v. Helms, 42 Or. 161, 70 P. 390; Watson v. Watson, 69 Vt. 243, 39 A. 201; McAdoo v. Dickson, 175 Tenn. 598, 136 S. W.2d 518, 126 A.L.R. 1345; Grymes v. Hone, 49 N.Y. 17, 10 Am.Rep. 313; In re Borchardt's Estate, 179 Misc. 456, 38 N.Y.S.2d 987; Stout v. McNab, 157 Cal. 356, 107 P. 1005; Bruce v. Squires, 68 Kan. 199, 74 P. 1102; Yardum v. Evans, 120 Neb. 699, 235 N.W. 85; Barker v.

Buhre, 61 Wis. 487, 21 N.W. 613; Seybold v. Grand Forks Nat. Bank, 5 N.D. 460, 67 N.W. 682; McHale v. Toole, 258 Pa. 293, 101 A. 988; Van Pelt v. King, 22 OhioApp. 295, 154 N.E. 163; In Re White's Estate, 129 Wash. 544, 225 P. 415; McDonough v. Portland Bay Sav. Bank, 136 Me. 71, 1 A.2d 768; Johnson v. Colley, 101 Va. 414, 44 S.E. 721, 99 Am.St.Rep. 865; Buchman v. Smith, 137 N.J.Eq. 215, 44 A.2d 179, 161 A.L.R. 1069; 38 C.J.S., Gifts, § 95; 28 C.J., Gifts, § 118; 24 Am.Jur., Gifts, § 47.

**4.** Cf. Railey v. Railey, D.C.D.C., 30 F.Supp 121.